NEW-YORK,
May, 1814.

TOWER
v.
HEWETT.

---

## TOWER *against* HEWETT.

If the parties, on the trial of a cause before a jury in a justice's court, agree that the jury may retire to consider of their verdict, without a constable to attend them, it will amount to a waiver of any objection to the verdict on the ground of irregularity in the conduct of the jury, in drinking and admitting other persons in the room, while they were consulting on their verdict.

IN ERROR, on *certiorari*, from a justice's court. *Hewett* brought an action against *Tower*, before a justice of the peace, for wood sold and delivered. The defendant admitted the delivery of the wood, but set up an agreement that it was to be paid for in whiskey, at his distillery; and that the whiskey had never been demanded by the plaintiff. The cause was tried by a jury. After the evidence was closed, there being no constable present, it was agreed by the parties that the jury might retire to consider of their verdict, without a constable to attend them. After being out some time, the jury applied to the justice to be discharged, alleging that they could not agree; but the justice refused to discharge them. After some further time, a second and third application was made by the jury to be discharged, which was refused. The jury then called for spirits, and admitted other persons among them, and after some time spent in drinking, &c. they found a verdict for the plaintiff, for 62 cents. The drink was delivered to the jury with the defendant's consent. The trial was on *Saturday* evening, and when the jury brought in their verdict, the defendant objected to receiving the verdict, on the ground of the conduct of the jury, and

because it was past 12 o'clock. Some inquiry was made as to the time, and the justice said it appeared doubtful to him whether it was past midnight or not. He, however, gave judgment for the plaintiff on the verdict.

*Per Curiam.* The consent of the parties that the jury might retire, without any constable to attend them, was a waiver of the irregularity complained of in their conduct. The parties, by their agreement, took from the magistrate the power, which he would otherwise have had, of enforcing a private deliberation of the jury, and of preventing their obtaining refreshment.

It is not certain, from the justice's return, whether the verdict and judgment were given on *Sunday* morning or not. The fact ought to be made explicitly and clearly to appear, to justify a reversal of the judgment on that ground. The testimony given in the cause is not returned, so as to enable the court to decide as to the merits of the case; and the presumption ought to be in favour of the judgment.

Judgment affirmed.