GOODRICH v. SULLIVAN, appellant.

*Judgment—time and form of entry in docket of justice of the peace.*

In a trial before a justice of the peace the jury returned with their verdict "about midnight." The justice entered the verdict in his minutes, but did not enter it in his docket "until daylight" the next morning. *Held*, that the judgment was valid, being entered within twenty-four hours.

The judgment was entered thus: "5th damages $30.00, $4.60." The return stated that the $4.60 was entered for costs. *Held* (overruling *Stephens* v. *Santee*, 51 Barb. 532), that the entry was in form sufficient to constitute a judgment.

APPEAL from the judgment of a county court affirming the judgment of a justice of the peace. The facts appear in the opinion.

*John J. Van Allen*, for appellant.

*B. W. & C. M. Woodward*, for respondent.

PARKER, J. Appeal from a judgment of the Schuyler county court, affirming a judgment of a justice of the peace. The action was upon a demand for money had and received, of one Daniel Murphy, assigned by him to the plaintiff. Defense — a denial of the complaint.

The cause was tried by a justice of the peace and a jury, and resulted in a verdict for $30 for the plaintiff. Defendant appealed to the county court, which affirmed the judgment, from which judgment of affirmance, the defendant appeals to this court.

The return states that the jurors retired under the charge of the constable, and returned *about midnight* with a verdict for the plaintiff for $30, which the justice recorded in his minutes. The jury

were then discharged. On account of his weak eyes and worn out condition, the justice returns that he deferred the entry of judgment in his docket *until daylight*, and that the first thing in the morning, he copied his minutes and entered the judgment in his docket, as follows:

"5th damages, $30 00
             4 60
       —————

And that the $4.60 was entered for costs. Appellant's counsel insists that the failure to enter the judgment in his docket, immediately on the coming in of the verdict, was error. If it should plainly appear that the judgment was not entered within the space of a full day after the receiving of the verdict, it would, doubtless, be error. BRONSON, J., in *Sibley* v. *Howard*, 3 Den. 72, says, in regard to a case tried by a jury: "I do not see how it could be done [a judgment rendered] after a single day has gone by." We may well infer in this case that the verdict was not rendered till after midnight, if it was necessary to sustain the judgment, but whether it was or not, the judgment followed the verdict before "a single day had gone by," forthwith, as required by the statute, that is within 24 hours (2 Edw. 328) and see 2 R. S. 575, § 85, 1st ed. We must hold the judgment duly rendered. As to the sufficiency of the form of the judgment, if we were to follow the case of *Stephens* v. *Santee*, 51 Barb. 532, we should find ourselves obliged to say that it is not sufficient to constitute a judgment; but that case is criticised by the court of appeals in *Fish* v. *Emerson*, 44 N. Y. 380. LEONARD, C., says: "It was a sharp and illiberal decision," and it seems to me it should not be followed in this case.

As to the objection that it does not appear that the constable who attended the jury was sworn, it is sufficient that for aught that appears he was sworn, and if he was not, defendant must be deemed to have waived the swearing. *Tower* v. *Hewett*, 11 Johns. 134, and *Howard* v. *Sexton*, 1 Den. 440.

In regard to the transfer by Murphy of his demand to plaintiff — the proof was sufficient. Murphy swears, "I sold my claim to plaintiff by an assignment in writing. The writing is present." The return goes on, "objected to but the evidence was admitted." On his cross-examination he said: "Plaintiff holds a note against me, and I gave him this to secure him." The objection is too gen-

eral to avail the defendant. The contents of a written instrument may be proved by parol, if no objection is made to its being so proved. The objection in this case was not specifically to such mode of proof. If it had been, the writing was present, and the required proof could have been made.

There are no other grounds of reversal urged by the appellant's counsel.

The judgment of the county court was right and should be affirmed, with costs.

*Judgment affirmed.*

P. POTTER, J., concurred.