Parker, C. J.,
delivered the opinion of the Court. If the fact stated in this case, that the bond declared on was offered to the Court for approbation, and was not approved, must necessarily be construed to mean that it was rejected by the Court, the inference drawn by the counsel for the defendants, that it never became effectual by a delivery, would be irresistible.
But such a construction is so inconsistent with other facts in the *149 case, about which there is no question, that we cannot adopt it; and the fact, as stated, must be considered as meaning only that there is no evidence of record of any formal approbation by the court. And in this view of the case, which is now declared to be the true one by the judge who sat in the trial, we think there is no cause for setting aside the verdict.
The case would then be, that the bond given to secure the faithful performance of the duty of a coroner by the principal was duly executed; was delivered to the presiding judge of the Court of Common Pleas, who was a subscribing witness, and by him handed to the court. No act of disapprobation by the court is proved; and more than two years afterwards the bond was found on the files of the Court of Sessions; from whence it was taken and delivered to one of the sureties, who attempted to cancel it by tearing off his name and seal. Now, a delivery to the court, or the putting it upon the files of the court, was, in law, a sufficient delivery; because the bond is, in effect, made to the commonwealth, although nominally to its officer, the treasurer; and a reception of it by any officer of the government, if it passed regularly through the Court of Common Pleas, would be a completion of the contract. A formal act or certificate of approbation by the court is * not made necessary by the statute. The act which describes the duty and power of coroners provides that the coroner shall, before he enter upon the duty of his office, give security in the same manner as sheriffs are by law obliged to do. (4) The act defining the general powers and duties, and regulating the office, of sheriffs, provides that the sheriff shall give sufficient security, at the discretion of the Court of Common Pleas of his county, to the treasurer of the commonwealth.
It is not, then, required expressly that any record or certificate should be made, that a bond given was approved ; but if such bond is found upon the files, without any evidence accompanying it that it has been rejected, and the principal has proceeded to execute the duties of his office, the presumption is violent, if not conclusive, that the bond was received by the court as the security required by the statute.
We have no hesitation, therefore, in saying that the facts reported prove the legal existence of the bond, as a contract with the commonwealth ; and notwithstanding it has not been approved, in the only sense which can be attributed to the words of the report, it is binding upon the obligors.
The facts from which this legal inference is drawn being admitted, a new trial is unnecessary.
*150 The circumstance of the bond’s being found upon the files of the Court of Sessions, instead of the Court of Common Pleas, is not material; for the files of neither of those courts was its proper place of deposit. It ought to have been transmitted by the presiding judge of the court, or by his direction, to the treasury office. But if it never reached the proper depository, either from accident, carelessness, or the fraud of any of the parties concerned, it nevertheless remained in force from the time it was handed into the court, as the security required by law.
The removing it from the files and giving it to one of the obligors was an unlawful act, even upon the supposition that it had no legal force ; for no one has a right to rifle a public office, and determine for himself * the value or validity of the papers. Such an act could be free from moral turpitude only if there was a sincere belief that neither the public nor individuals had any interest in the paper as a security.

Judgment on the verdict.

 Stat. 1783, c. 43.