### GREENLEAF vs. LOW.

A person elected to the office of justice of the peace, but who has neglected to take
the oath of office and to give the security required by law, is nevertheless in office
by color of title, and his acts are valid as regards the public and third persons.

Judgment may be rendered in favor of the defendant in a justice's court, for a set-off
proved on the trial, though no demand was established in favor of the plaintiff.

ERROR to the Chenango common pleas.   Low sued Green-
leaf in a justice's court and the defendant had judgment for a
set-off of $11,23 which the common pleas reversed on *certiorari*.
The suit before the justice was in assumpsit, and was com-
menced on the 11th day of February, 1846.   The plaintiff
proved that about five years before the trial he let the defen-
dant have ten dollars.   The defendant under suitable plead-
ings proved that on the 2d day of February, 1846, he, as
plaintiff, recovered a judgment against the present plaintiff for
$11,23, before one Jones, an acting justice of the peace, in a

Greenleaf *v.* Low.

suit in which the plaintiff, who was then defendant, ought to have set off the demand now claimed. On this evidence the defendant sought to bar the plaintiff's present demand, and to establish a set-off in his own favor for the amount of the former judgment. The rendition of that judgment was proved by the justice, Jones, who it appeared came into office by his last election on the 1st day of January, 1846. On his cross-examination he was asked by the plaintiff's counsel, whether he had taken the oath of office as a justice of the peace. The defendant's counsel objected ; whereupon the plaintiff offered to show that Jones had not filed the security required to be given by a justice, by the statute. (*Stat.* 1845, *p.* 190, § 34.) The defendant objected and the court excluded the evidence. The cause was then submitted to the justice, who gave judgment for the defendant for the amount of the former judgment with costs. From the judgment of reversal, rendered by the common pleas, the defendant brought error here.

*Southworth & Pritchard,* for the plaintiff in error, maintained that the acts of the justice, Jones, were valid as regarded the public and third persons, though he had neglected to take the oath or give the security, and cited *The People* v. *Collins,* (7 *John.* 549 ;) *McInstry* v. *Tanner,* (9 *id.* 135 ;) *The People* v. *Covert,* (1 *Hill,* 674 ;) *The People* v. *Stevens,* (5 *id.* 616 ;) *Wilcox* v. *Smith,* (5 *Wend.* 231 ;) *The People* v. *Bartlett,* (6 *id.* 422 ;) *Green* v. *Burke,* (23 *id.* 490.)

*H. Bennett,* for the defendant in error, relied upon the act of 1845, and the act confirming the proceedings of justices who had acted without giving the security, saving the rights of parties where suits had been commenced, which last mentioned act also repealed the provision requiring security in the act of 1845. (*Stat.* 1846, *p.* 155.) He also insisted that the justice erred in giving judgment for the set-off. The plaintiff not having established any demand according to the views of the justice, there was nothing, he said, against which the defendant's judgment could be set off.

*By the Court,* JEWETT, J.   The main question is whether the plaintiff ought to have been permitted to show that the justice, Jones, was acting without having given the security required by law when he rendered the former judgment. By the law then in force every justice of the peace, before entering upon the duties of his office, was required to execute an instrument in writing with two sureties, to be approved by the supervisor of the town or ward in which he resided, conditioned that he would pay over on demand all moneys received by him in virtue of his office, to the person or persons entitled to the same, and to file such instrument in the office of the clerk of the city or town in which he should reside. (*Stat.* 1845, *p.* 190, § 34.)   Sufficient facts appeared to show that Jones was a justice of the peace *de facto,* at the time he rendered the judgment in question.   He came into his office by color of title.   It is a well settled principle that acts done by such an officer are as valid, so far as the public or the rights of third persons are concerned, as though he had been an officer *de jure,* and that the title of the officer cannot be collaterally inquired into.   It can be questioned only by a direct proceeding against the officer, by information in the nature of a *quo warranto.* (2 *R. S.* 581, § 28 ; *The People* v. *Collins,* 7 *John.* 549 ; *The People* v. *Stevens,* 5 *Hill,* 616 ; *Green* v. *Burke,* 23 *Wend.* 490 ; *Riddle* v. *The County of Bedford,* 7 *Serg. & Rawle,* 386.)

The same answer may be given to the suggestion that the justice improperly excluded evidence that Jones had not taken the official oath.   It does not appear that the court passed upon the question which was raised upon that point, but if it had excluded the inquiry, I think the ruling would have been correct.   While acting under color of an election, the acts of the justice would be valid as to the public and third parties, although he had omitted to take the oath of office.

It is objected that the justice erred in rendering a judgment in favor of the defendant for the amount of his judgment against the plaintiff.   The defendant, under his plea, gave notice that he should rely on the judgment as a bar against any demand which the plaintiff might prove against him ex-

isting prior to the commencement of his suit before Jones, which might have been set off in that suit; and also as a set-off against any demand which the plaintiff might establish against him in the suit then pending. The defendant gave evidence of his judgment after the plaintiff had made proof of his demand. It turned out on the trial that the plaintiff's demand arose some five years before the suit was commenced before Jones, and was of that description which required the plaintiff in the last suit to have set it off in the former suit, and was therefore barred on this proof. The plaintiff might have submitted to a nonsuit; but the parties elected to submit the matter to the justice, whose duty it became to render judgment according to their respective rights. It is not necessary, to entitle a defendant to a judgment for the amount of a cross demand, which is the subject of a set-off and proved on the trial, that there should be something proved and allowed to the plaintiff. I think the recovery before the justice was well founded, and that the judgment of the common pleas should be reversed.

Judgment reversed.