## READ v. CITY OF BUFFALO.

### September, 1867.

A judgment rendered by a justice of the peace, while holding over after his term of office had expired, but before that of his successor commenced, cannot be impeached collaterally. The office is continuing in its nature, and as he was in undisputed possession under apparent authority of law, his title can only be questioned in a proceeding directly involving that issue.

Elizabeth Read sued the city of Buffalo, in the Buffalo superior court, on a judgment which she had recovered in a justice's court of that city held by one Albert S. Merrill, a justice of the peace.

. The defense was that Merrill was not a justice of the peace at the time the judgment was rendered.

The judge before whom the present action was tried, found that Merrill was elected for four years, beginning January 1852, and duly entered on the office, his term expiring December 31, 1855. His successor, elected in November, 1855, did not qualify until January 7, 1856, by reason of a change in the charter made in 1853, which made his term commence on that day.

Plaintiff's former action was commenced before Justice Merrill during his term, and was on trial in December, 1855, and was then adjourned, by consent, to January 2, 1856, when defendants failed to appear. Justice Merrill, notwithstanding the expiration of his term, took the remaining testimony of the plaintiff, and gave judgment in her favor.

*The superior court* held, that although there was some doubt whether Merrill was an officer *de jure*, he was acting such *de facto*, until the day when his successor could and did qualify. They accordingly reversed the judgment of the spe-

cial term, by which plaintiff had been nonsuited.   Defendant appealed to this court.

*George S. Wardwell,* for defendant, appellant;—Cited *L.* 1843, p. 118 ; 1 *R. S.* 5 ed. pp. 401, 402, §§ 90, 93, 98 ; *Const.* art. 10, § 2 ; People *v.* Garcy, 6 *Cow.* 642 ; People *v.* Tieman, 30 *Barb.* 197 ; S. C., 8 *Abb. Pr.* 359 ; 1 *R. S.* 5 ed. § 14, tit. 6, c. 5, p. 409 ; *Id.* 2 ed. p. 85 ; *L.* 1853, p. 452, c. 230, tit. 2, § 2.

*Wm. H. Greene,* for plaintiff, respondent;—Cited *L.* 1843, p. 118, §§ 2, 12 ; 1 *R. S.* p. 111, § 71 ; p. 116, § 3 ; p. 120, § 32, art. 3, c. 5 ; *L.* 1845, p. 190, § 34.

By THE COURT.—PORTER, J.—As the law stood when Merrill was elected, his term of office extended to the first *day* of January, 1856.  In the amended charter of the city of Buffalo, which was adopted in 1853, the legislature designated the first *Monday* of January, as that on which, thereafter, the terms of justices and other city officers should commence.  Under this provision, the justice assumed that his time did not expire until the commencement of the term of his successor in office; and he accordingly continued to discharge his duties as a magistrate until he was succeeded by the new incumbent, on the first Monday of January.  The theory of the defendant is that his term expired on the last day of December, and that the effect of the change in the charter was to produce an interregnum of a week, during which, so far as this office was concerned, the administration of justice in the city of Buffalo was suspended.

It is unnecessary to determine the question whether the magistrate was right in retaining his place until the qualification of his successor.  It is sufficient that he was an officer *de facto,* discharging the duties of his position under color of legal title. His judicial acts, so far as they affected only the rights of third persons, were not subject to collateral impeachment on the ground that he was no longer a magistrate *de jure.*  The office was continuing in its nature, and as he was in undisputed possession under apparent authority of law, his title could only be questioned in a proceeding directly involving that issue. The rule

on this subject is founded on considerations of public policy, and its maintenance is essential to the preservation of order, the security of private rights and the due enforcement of the laws. Parker v. Baker, 8 *Paige*, 428; Weeks v. Ellis, 2 *Barb.* 320; Greenleaf v. Low, 4 *Den.* 168, 170; Wilcox v. Smith, 5 *Wend.* 231, 233.

The order granting a new trial should be affirmed, with judgment absolute for the plaintiff.

All the judges concurred, except BOCKES, J., who was absent.

Judgment affirmed, with costs.