THE COUNTY COMMISSIONERS OF RAMSEY COUNTY, *ex rel.* H. A. LEE.

*vs.*

JOHN B. BRISBIN and LOUIS ROBERTS, impleaded with A. W TULLIS, *et al.*

This action is brought against defendant Tullis as principal, and the other defendants as his sureties, upon his official bond as sheriff of Ramsey county, for the purpose of recovering certain redemption money alleged to have been received by said Tullis as said sheriff, for the use and benefit of certain judgment creditors to whose rights the relator has succeeded. *Held,* that, upon the allegations of the complaint, Tullis was sheriff *de facto,* at any rate, since he came into office by color of title, *i. e.* by due election, had taken the oath of office, executed the proper bond, had thereupon entered on the discharge of his duties, and had continued to hold the office and perform its duties till after the acts and omissions for which plaintiff seeks to hold him responsible. *Held* further, that being sheriff *de facto,* and exercising the functions of she⸱

iff, his co-defendants are bound for him by the very terms of the bond, which is conditioned that he shall "well and faithfully in all things perform and execute the duties of sheriff * * * * during his continuance in office." *Held* that, irrespective of the particular language of the bond, Tullis being sheriff *de facto*, his acts as sheriff were as valid, so far as third persons, having any interest in the acts done, and the public were concerned, as the acts of a sheriff *de jure*, and that, in performing such acts, he was sheriff to all intents and purposes, except in favor of himself, and that as respects such acts so far as such third persons and the public are concerned, his official character as sheriff is not to be questioned collaterally. The objections to the complaint because it does not show that Tullis was *qualified* as sheriff at the regular January session of the county board, as provided by sec. 52, chap. 7, of Pub Stat., and because it does not allege that the oath required by law was subscribed by Tullis and certified on the back of his certificate of election, or filed or recorded in the office of the register of deeds, nor that any approval was endorsed on the bond, nor the bond filed in the register's office, as provided by sections 49 and 133, chap. 7, Pub. Stat., are therefore overruled. *Held* that, the bond appearing by the complaint to have been duly approved by the board, its *delivery* is implied, although it does not appear that it was deposited by Tullis in the office of the register of deeds.

The complaint alleges that on the 21st November, 1861, the day before the expiration of the year for redemption of land sold upon execution by said Tullis' deputy sheriff, one Symonds caused to be paid to said sheriff Tullis, *in redemption of said premises*, the full amount necessary to be paid for the redemption thereof from said sale, that *such redemption was made* on a mortgage executed by the judgment debtor, which mortgage was a lien upon said premises ; that said *redemption moneys were paid* to said sheriff for the use and benefit of the relator ; that on the 21st day of November said sheriff executed, acknowledged, and delivered to said Symonds a proper certificate of redemption, which was duly filed and recorded. *Held* that, though the complaint is indefinite and uncertain, it is not demurrable for failing to allege that Symonds owned the mortgage or some interest therein.

Appeal by defendants Brisbin and Roberts from an order of the district court for Ramsey county, overruling their demurrer to the complaint. The case is fully stated in the opinion.

JOHN B. BRISBIN and LAMPREYS, for Appellants.

ROGERS & ROGERS, for Respondent.

The County Commissioners of Ramsey County ex rel. v. Brisbin et al.

*By the Court.*—BERRY, J.—This action is brought against defendant Tullis, as principal, and the other defendants, as his sureties, upon his official bond as sheriff of Ramsey county, for the purpose of recovering certain redemption money, alleged to have been received by said Tullis, as said sheriff, for the use and benefit of certain judgment creditors, to whose rights the present relator has succeeded.   Defendants Brisbin and Roberts demurred to the complaint, as not stating a cause of action, and from the order overruling their demurrer they alone appeal to this court.

The complaint alleges that Tullis was duly elected sheriff of said county for the term commencing January 1st, 1860; that on 'the 2d day of January, 1860, Tullis as principal, and his co-defendants as sureties, executed unto the board of supervisors of said county the bond, upon which this action is brought, (being in the usual form of a sheriff's official bond;) that, at "a meeting or session of said board" on the 4th day of January, 1860, the said bond and sureties were duly approved by said board; that on the same day, "at a special meeting or session of said board, Tullis took the oath of office prescribed by law; and that on the same day said Tullis entered upon the discharge of the duties of said office, and continued to hold said office and perform the duties thereof for a long period thereafter, to-wit: up to the 6th day of January, 1862." The facts, upon which plaintiff seeks to charge defendants, are alleged in the complaint to have taken place between the first day of August, 1860, and the 1st day of January, 1862.   Appellants object to the complaint, because it does not show that Tullis was *qualified* as sheriff at the *regular* January session of the county board as provided in section 50, ch. 7, Pub. St.; and because it does not allege that the oath required by law was subscribed to by Tullis and certified on the back of his certificate of election, or filed or recorded in the office of the

register of deeds; nor that any approval was endorsed on the bond; nor that said bond was ever filed in said register's office, as provided by sections 49 and 133, ch. 7, Pub. St.  Appellants argue that, in view of the provisions of the section referred to and sections 47 and 136 of the same chapter, the complaint does not allege facts showing that Tullis *qualified* himself to enter upon the duties of the office of sheriff, and that he would not be authorized to act as sheriff, nor could he hold the office of sheriff nor appoint a deputy, until *qualified* as by the statute prescribed.

Not to consume space in presenting other answers to these objections, we are of opinion that they are all disposed of by a single consideration.

Tullis was unquestionably sheriff *de facto*, for he came into office by color of title, that is to say, by due election; he had taken the oath of office and executed the proper bond; had thereupon entered on the discharge of the duties of the office, and he continued to hold the office and perform its duties till after the acts and omission for which plaintiff seeks to hold him responsible in this action.   In other words, he was sheriff by color of title, and the acting sheriff, and therefore sheriff *de facto*.  (*People vs. Collins*, 7 *Johnson* 550; *Greenleaf vs. Low*, 4 *Denio* 168; *Buckman vs. Ruggles*, 15 *Mass.* 182; *Conover vs. Devlin*, 15 *How. Pr. Rep.* 477.)  Being sheriff *de facto*, and exercising the functions of sheriff, his co-defendants are bound for him by the very terms of the bond, which is conditioned that he shall "well and faithfully in all things perform and execute the duties of sheriff  *  *  *during his continuance in office*" And irrespective of the particular language of the bond, being sheriff *de facto*, his acts as sheriff were as valid, so far as third persons, having any interest in the acts done, and the public were concerned, as the acts of a sheriff *de jure*.   In performing such acts he was sheriff to all intents and purposes,

except in favor of himself. See authorities *supra; People vs. Stevens,* 5 *Hill* 630; *Bentley vs. Phillips,* 27 *Barbour* 526. As respects such acts, so far as such third persons and the public are concerned, his official character as sheriff is not to be questioned collaterally. ( *Fowler vs. Beebe,* 9 *Mass.* 234; *Hall vs. Luther,* 13 *Wend.* 492; *Conover vs. Devlin, supra; People vs. Hopson,* 1 *Denio* 580; *Bucknam vs. Ruggles, supra; Fake vs. Whipple,* 39 *N. Y.* 399.) So far then as the above mentioned objections of appellants to the complaint are concerned, they are not well founded.

Appellants further object to the complaint that it does not show that the bond was ever *delivered,* since it does not allege that it was deposited by Tullis in the office of the register of deeds, as required by the statutory provisions before cited. It is alleged that it was duly approved by the board. This implies delivery, for when a sheriff elect presents his bond for approval, he offers or tenders it to the board, and, by approving the same, the board accept it as his official bond: the contract is then complete, and the tender becomes a delivery. *Apthorp vs. North,* 14 *Mass.* 167; *Broome vs. United States,* 15 *Howard* 143.

The only objection made by the appellants, which remains to be considered, is, that the complaint does not show that the redemptioner therein mentioned had any authority to pay the redemption money to the sheriff, or that the sheriff had any authority to receive it. It appears that a *pluries* execution was issued to Tullis' deputy sheriff upon a judgment in favor of a firm to whose rights in the premises the present relator, Lee, has succeeded; that, by virtue of said execution, said deputy levied upon certain real estate belonging to the judgment debtor, and duly sold the same for the balance due on the judgment, with interest and costs, to the judgment creditor, who received and duly filed and recorded a proper certificate of sale; and that the execution was returned wholly

satisfied by said sale, and the judgment thereupon satisfied of record. The complaint then proceeds to allege that on the 21st day of Nov. 1861, the day before the expiration of the year of redemption, one Symonds, caused to be paid to said sheriff Tullis, *in redemption* of *said premises*, the full amount necessary to be paid for the redemption thereof from said sale; that *such redemption was made* on a mortgage executed by the judgment debtor, which mortgage was a lien upon said premises; that said redemption moneys were paid to said sheriff for the use and benefit of the relator; that on the said 21st day of November, said sheriff executed, acknowledged, and delivered to said Symonds a proper certificate of redemption, which was duly filed and recorded. Now while the complaint does not allege in terms that Symonds was the owner of the mortgage or of any interest in it, so as to entitle him to redeem, it does allege that the money was paid *in redemption* of said premises; that the redemption was *made;* and that the *redemption* moneys were paid to Tullis for the use and benefit of the relator. While, then, the complaint may be open to the charge of indefiniteness or uncertainty, we think it not demurrable. The redemption, which it thus alleges to have been made, is to be presumed to be legal, (in the absence of repelling facts,) since unless legal, it would not be a redemption. In addition to this consideration it might be contended with some force, we think, that the judgment creditor having elected to treat the redemption as valid, the sheriff is, by his acceptance of the money as redemption money and his issue of the certificate of redemption, estopped from questioning its validity; and that, therefore, as he has, by his refusal to pay over the money received, failed to execute his duties *as sheriff,* his sureties are liable for his delinquency by the very terms of the bond itself.

Order overruling demurrer affirmed.