(24 Misc. Rep. 285.)

FULTON v. YUILL.

(Sullivan County Court. July, 1898.)

1. JUSTICE'S COURT—OATH TO JURORS.
 A failure by a justice to administer an oath to the jurors to well and truly try the matters, and a true verdict render, as prescribed by Code Civ. Proc. § 2998, is fatal to their verdict and the judgment thereon.

2. SAME—IRREGULARITIES IN TRIAL.
    Code Civ. Proc. § 721, providing that in a court of record, where a ver-
    dict has been rendered, the judgment shall not be stayed by reason of
    certain omissions, defects, and irregularities therein named, has no ap-
    plication to a justice's court.

Appeal from justice court.

Action in justice's court by Albert M. Fulton against William P.
Yuill.   From a judgment, plaintiff appeals to the county court.   Re-
versed.

John D. Lyons, for appellant.
Chas. H. Stage, for respondent.

JELLIFF, J.   A justice's court is a tribunal created by statute,
by which its jurisdiction, powers, and duties are limited and pre-
scribed. The policy of the law is that the judiciary shall be ren-
dered pure, as far as may be; that those who constitute a court, and
who exercise the power of pronouncing judgment as such, shall act
under oath; that a set of men known as a "jury," to act in that
capacity, in order to be properly vested with that power, must be
sworn.   The purpose of an oath to a jury is to bind them in their
action, as a guard against any prejudice they or any of them may
entertain against either of the parties; to prevent their action being
controlled by feelings of friendship for a particular party, and to ob-
tain a fair and conscientious consideration and honest determination
of the matter given to their charge, which is to pass into judgment,
by which parties are to be bound.   The statute makes it the duty
of the justice to administer an oath or affirmation to the jurors.
Parties are not bound to see to it that the court discharges its duty
in organizing its tribunal.   Nothing should be taken by implication,
to confer jurisdiction or to abridge the general rule that all judicial
officers and judicial action shall be under oath.   Who can say that
the jury did not reason with their own consciences and their own pri-
vate feelings, and say, "We are at liberty to do as we see fit, regard-
less of the law or the fact, so long as we are not under oath."

It appears, upon the face of the record that the jury were not
sworn.   The statute provides that "the justice must administer an
oath or affirmation to each juror," and prescribes the substance there-
of.   Code Civ. Proc. § 2998.   The error complained of is an error and
omission on the part of the court itself, not of the officers.   There
are no prescribed rules of practice for justices' courts, other than
those found in and authorized by the statute creating that tribunal,
and prescribing its powers and duties.   Its court must be organized
according to the statute from which it derives its existence, or its
action is without legal authority, and its judgment without force or
effect.   There seems to be no New York cases bearing particularly
upon the particular point of swearing the jury in justices' courts.   We
must therefore reason from analogy.   In the case of Coughnet v.
Eastenbrook, 11 Johns. 532, the judgment was reversed, on the ground
that it did not appear by the return that the constable was sworn
to attend the jury.   The court says:   "This is a fatal omission, not
to be supplied by intendment.   This objection cannot be surmounted.

It grows out of the positive direction of the statute." Again, in referring to this case in People v. Ransom, 7 Wend. 428, the court says: "These inferior justices' courts derive all their powers from the statute by which they are created, and they must conform, in all respects, to its requirements. No intendments are made in their favor, and the statute positively required that a constable should be sworn to attend the jury. The omission was therefore fatal." The objection was raised for the first time on appeal.

As to justices' courts the statute must prevail, when no statute applicable thereto makes an innovation upon it. Section 721 of the Code of Civil Procedure has no application to justices' courts. The cases of Hardenburgh v. Crary, 15 How. Prac. 307, and Jenkins v. City of Hudson, 8 Civ. Proc. R. 70, cited by the respondent, are cases arising in the supreme court, and the errors assigned are acts, omissions, or neglect, etc., on the part of some court officer. They proceed upon the authority found in section 721 of the Code of Civil Procedure, and the statute from which it was borrowed, which applies strictly to courts of record. Subdivision 6 of section 3347 of the Code of Civil Procedure expressly limits section 721 to courts of record, and has no application to courts of the justices of the peace. The rule cannot be extended beyond its authorized operation, and the statute must prevail. The conclusion arrived at being decisive of the case, it is unnecessary to discuss the other questions raised. The judgment of the court below must therefore be reversed.

Judgment reversed.