FORD v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department. October 7, 1898.)

1. CONSTITUTIONAL LAW—SEALER OF WEIGHTS AND MEASURES — DUTIES AND FEES—POWER OF LEGISLATURE.
    Const. art. 5, § 8, authorizes the legislature to enact statutes to compel the use of correct weights and measures by persons dealing with the public. It places no restriction on the power of the legislature to compel persons to pay for reasonable unsolicited services rendered in carrying into effect such statutes. Held, that the legislature has power to prescribe the duties of persons appointed to enforce such statutes, fix their fees therefor, and authorized them to recover such fees from persons for whom unsolicited services are rendered pursuant to the statutes.

2. SAME—RIGHT TO DELEGATE POWER TO MUNICIPALITY.
    The legislative power to enact statutes to compel the use of correct weights and measures (Const. art. 5, § 8) can be delegated to a municipal corporation, so as to enable the latter, by reasonable ordinances, to regulate the compulsory inspection of weights and measures, fix reasonable fees therefor, and provide that such fees shall be a debt, though the services were unsolicited, payable to the inspector by the persons for whom the inspection is made.

3. SAME—CONSTRUCTION OF CHARTER.
    Laws 1879, c. 53, under which the city of Auburn was incorporated, provides (section 49) that the sealer of weights and measures shall perform such duties and receive such fees as are or may be provided "by law." Section 33, subd. 36, confers power on the common council to pass ordinances to define the duties of the sealer of weights and measures, and to regulate his compensation. Held, that the power to fix the duties and fees or compensation of the sealer was conferred on the municipality.

4. SAME—FEES FOR UNSOLICITED SERVICES.
    But the power is not expressly delegated by such sections to prescribe by ordinance that persons whose weights and measures are inspected and found correct must pay for the unsolicited services of the sealer, nor can the power be implied; since under the general statutes from 1703 up to Laws 1896, c. 376, the sealer's duty has been to inspect only those weights and measures "brought to him" for that purpose, for which only scales of fees have been fixed.

Appeal from Cayuga county court.

Action by Napoleon B. Ford against the New York Central & Hudson River Railroad Company. From a judgment of the county court of Cayuga reversing a judgment of the city court of the city of Auburn for plaintiff, he appeals. Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

F. S. Coburn, for appellant.

Albert H. Harris, for respondent.

FOLLETT, J. This action was begun June 18, 1896, in the city court of the city of Auburn, to recover fees alleged to have been earned by the plaintiff, a sealer of weights and measures, for inspecting and sealing the scales and weights of the defendant, June 2, 1896, at the city of Auburn. The answer contains a general denial of all the material allegations in the complaint, except it is admitted that the plaintiff demanded of the defendant payment of his fees, which was refused. The evidence shows that June 2, 1896, the plaintiff, without being requested by the defendant, inspected and sealed the scales and weights used by it for weighing baggage, freight, and freight cars, the fees for which, as established by an ordinance of the common council of the city of Auburn, amounted to $1.50. On the trial in the city court, the plaintiff recovered a judgment for $1.50 damages and $1.50 costs, which on appeal to the county court was reversed, with $32.87 costs.

Five questions are presented on this reargument: (1) Had the legislature power to authorize, by the charter granted to the city, the common council thereof to adopt the sixty-third, sixty-sixth, sixty-eighth, and sixty-ninth ordinances? (2) Is power conferred by sections 30, 33, 36, and 49 of the city charter, or any other sections thereof, upon the common council of the city, to adopt the sixty-third, sixty-sixth, sixty-eighth, and sixty-ninth ordinances, compelling persons and corporations to pay for the unsolicited services of the sealer of weights and measures? (3) Has the common council of the city of Auburn power to prescribe the duties and fees of a sealer of weights and measures? (4) Is the defendant within the meaning of the sixty-third ordinance of the city of Auburn? (5) Had the city court jurisdiction of the subject-matter of the action?

The city of Auburn is a municipal corporation, existing under chapter 53 of the Laws of 1879, and the acts amendatory thereof and supplementary thereto. The following are the sections of the city charter and ordinances relating to the questions involved in this action:

The twenty-ninth section provides that the common council shall appoint one or more sealers of weights and measures, who shall hold office for two years, and until their successors are appointed and qualified, unless sooner removed by the common council.

"Sec. 30. The common council shall prescribe the duties and fix the compensation when not otherwise provided, of each of the officers appointed under this act. * * *" As amended by chapter 199 of the Laws of 1889.

"Sec. 33. The common council may make, continue, modify and repeal such ordinances as may be necessary to carry into full effect any and all of

the powers conferred upon said corporation by this act. * * * Ordinances may be made as aforesaid for the following purposes, namely: * * * (36) To define the duties of the sealer of weights and measures, and to regulate his compensation. * * * (52) And such other and further ordinances not inconsistent with the laws of the state, as shall be deemed expedient for the good government of the city, the protection of its property, the safety of its citizens, the preservation of peace and good order, the suppression of vice, the benefit of trade, the preservation and protection of the public streets, the preservation of the public health, the prevention and extinguishment of fires and the exercise of its corporate powers and performance of its corporate duties." As amended by chapter 536 of the Laws of 1895.

"Sec. 49. The sealer of weights and measures shall perform such duties and receive such fees as are or may be provided by law. He shall be inspector of oils and receive such fees for inspecting oils as the common council may fix by ordinance to be paid by the parties whose oil shall be inspected."

## Ordinances.

"Sec. 63. The sealer of weights and measures shall once in each year, between April first and July first, and at other times if required by the mayor, inspect and examine all weights, measures, scale-beams, steel-yards and weighing apparatus used by any dealer, measurer or public weigher, and seal and mark the same, if found correct; and if found incorrect, the same shall be destroyed, unless the sealer of weights and measures shall be of the opinion that it is capable of being made correct, when if the person in whose place of business the same was found shall desire him to correct it, and shall tender to such sealer of weights and measures the cost of so correcting it and the fee for inspecting and examining the same, such sealer of weights and measures shall correct, seal and mark the same, and restore it to the person from whom it was taken."

"Sec. 66. The sealer of weights and measures shall be entitled to demand and receive from the person or persons from whom services are performed, the following fees, viz.: For sealing and marking every beam, ten cents; for sealing or marking measures of extension, at the rate of ten cents per yard, not to exceed fifty cents of any one measure; for sealing and marking every weight, five cents; for sealing and marking each liquid or dry measure, five cents; for inspecting refined petroleum or kerosene oils, one-half cent per gallon."

"Sec. 68. Every person engaged in the trade of buying and selling, or as a public weigher, who shall use or permit to be used for him any weight, measure or balance, of whatever description, unless such weight, measure or balance shall have been duly sealed and marked by the sealer of weights and measures within one year previous, shall, upon conviction thereof, be fined not less than five nor more than twenty dollars, or be imprisoned in the common jail of the county of Cayuga not more than ten days.

"Sec. 69. Every person who shall knowingly sell any property, by weight or measure, for a greater quantity than is actually delivered to the purchaser thereof, or who shall make any false statement as to the weight, measure or quantity of such property, shall, upon conviction thereof, be fined not less than five dollars nor more than fifty dollars, or be imprisoned in the common jail of the county of Cayuga not less than five days nor more than fifty days."

The legislature, in the absence of constitutional restrictions, may authorize persons to render for others unsolicited services which are necessary for the public welfare, fix the fees or compensation for such services, and authorize the recovery of such fees or compensation from the person for whom rendered. Stillwell v. Raynor, 1 Daly, 47; Steamship Co. v. Joliffe, 2 Wall. 450; Ex parte McNiel, 13 Wall. 236; Cincinnati Gas Light & Coke Co. v. State, 18 Ohio St. 237. Section 8 of article 5 of the constitution of this state authorizes the legislature to enact statutes to compel the use of correct weights and measures by

persons dealing with the public, and there is no restriction in the constitution upon the power of the legislature to compel persons to pay for reasonable and necessary unsolicited services rendered to carry into effect such statutes; and so I conclude the legislature of this state may prescribe the duties of persons appointed to enforce such statutes, fix their fees therefor, and authorize them to recover such fees from persons for whom unsolicited services are rendered, pursuant to statutes.    Can this power be delegated to municipal corporations?

It is well settled that certain local legislative power may be delegated to municipalities; for example, to pass ordinances, to promote the public health and safety, to preserve the public peace, and reasonably to regulate trade within their boundaries.    People v. Justices of Court of Special Sessions, 7 Hun, 214; Clarke v. City of Rochester, 28 N. Y. 605; In re Gilbert Elevated Ry. Co., 70 N. Y. 361; Polinsky v. People, 11 Hun, 390, affirmed 73 N. Y. 65; Mayor v. Ryan, 2 E. D. Smith, 368; State v. Hayes, 61 N. H. 264; Cooley, Const. Lim. 191; Dill. Mun. Corp. (4th Ed.) § 308; Beach, Pub. Corp. § 59; 6 Am. & Eng. Enc. Law (2d Ed.) 1021, 1027; Sedg. St. & Const. Law (2d Ed.) 135, 395.    When power is conferred upon municipalities to pass local ordinances, and they are legally adopted, they have the force of statutes.    Brick Presbyterian Church v. City of New York, 5 Cow. 538; Jones v. Insurance Co., 2 Daly, 307; McDermott v. Board, 25 Barb. 635; Stokes v. New York, 14 Wend. 87; Polinsky v. People, 11 Hun, 390, affirmed 73 N. Y. 65; Village of Ballston Spa v. Markham, 58 Hun, 238, 11 N. Y. Supp. 826; 1 Dill. Mun. Corp. (4th Ed.) § 308; 1 Beach, Pub. Corp. § 487 et seq.    This general rule is, however, subject to the limitation that the ordinances must be reasonable, and not oppressive to trade and commerce.    Ford v. Oil Co. (Sup.) 53 N. Y. Supp. 48, and authorities there cited.

Under the authorities, I think the legislature may delegate power to a municipal corporation reasonably to regulate by ordinance the compulsory inspection of weights and measures, fix reasonable fees therefor, and provide that such fees shall be a debt, though the services were unsolicited, payable by the person for whom the inspection is made to the inspector.    This power would seem to be but an incident to the general power to establish a reasonable system of compulsory inspection, and provide reasonable penalties, which power, it has been held, may be delegated.    People v. City of Rochester, 45 Hun, 102. Has the legislature delegated to the common council of the city of Auburn power to provide by ordinance that the fees of the sealer of weights and measures shall be payable by the person for whom unsolicited inspection is made?    The forty-ninth section provides:

"Sec. 49. The sealer of weights and measures shall perform such duties and receive such fees as are or may be provided by law.    He shall be inspector of oils and receive such fees for inspecting oils as the common council may fix by ordinance to be paid by the parties whose oil shall be inspected."

It will be observed that the last sentence of this section delegates to the common council the power to fix the fees for inspecting oil, but does not delegate to that body the power to provide that the parties whose oil is inspected shall pay such fees, as it is expressly enacted by the legislature that the owners of the oil shall pay the fees.    An

express provision in respect to who shall pay for the inspection of oils being found in the section, the absence of a like provision in respect to who shall pay for the sealing of weights and measures certainly does not evince an intention on the part of the legislature to require persons whose weights and measures are inspected to pay the fees therefor, or an intention to delegate to the common council power to require such persons to pay for unsolicited inspection. It is urged that, it being provided that "the sealer of weights and measures shall perform such duties and receive such fees as are or may be provided by law," he is limited to the performance of such duties as are prescribed by legislative enactment, and that, there being no legislative enactment authorizing the sealer of weights and measures of the city of Auburn to render unsolicited services and charge fees therefor, the plaintiff had no authority to perform these services, and receive compensation therefor. Undoubtedly, the primary meaning of the term "provided by law" is, provided by legislative enactment. But by the thirty-sixth subdivision of the thirty-third section of the charter, power is conferred upon the common council to pass ordinances "to define the duties of the sealer of weights and measures, and to regulate his compensation." In case the forty-ninth section is construed to mean that the duties and fees of the sealer of weights and measures must be prescribed by legislative enactment, the thirty-sixth subdivision of the thirty-third section and the forty-ninth section are not harmonious. These provisions relate to the same subject-matter, and are to be construed together; and, so construing them, I think power is conferred by the charter upon the common council to prescribe the duties and fix the fees or regulate the compensation of the sealer of weights and measures; but this does not reach the question, is power delegated to the common council to prescribe by ordinance that persons whose weights and measures are inspected and found correct must pay for the unsolicited services of the sealer? No such power is conferred by any general statute, or by the charter; and I think such power ought not to be implied in face of the fact that, under the general statutes of this state, the policy of this state has, since the constitution of 1846, been to abolish all inspection fees payable by the owners of property inspected. Const. art. 5, § 8.

From the earliest times to the present the general statutes of this state have never provided that persons whose weights and measures are inspected without the request of the owner, and found to be correct, should pay the fees for inspection. The first act regulating weights and measures was passed by the general assembly of the colony of New York, June 19, 1703, being chapter 138 of the Laws of that year. 1 L. & S. Laws N. Y. 57; 1 Van Schaack's Laws N. Y. 57; 1 Col. Laws N. Y. 554. This act provided that sealers of weights and measures should be appointed for the various cities and counties of the state, and, by the fourth section, that they should "take for their pains in sealing and marking all such beams, weights, measures and yards as shall from time to time for that purpose be brought to them," certain fees, payable by the person asking for such service. April 10, 1784, the legislature of this state passed an act (chapter 25) regulating weights and measures. 1 J. & V. 110; 1 Republished

Laws N. Y. 625.    By the third section of this act it was provided that sealers of weights and measures should be appointed throughout the state, and that "every such sworn public sealer and marker of weights, seals and measures shall be entitled to receive for his pains in sealing and marking all such beams and measures as shall from time to time for that purpose be brought to him at the rate of nine-pence and for every weight and every small liquid measure one penny and no more." This act was continued in force by the Revised Laws of 1801.    1 K. & R. Rev. Laws, 38.    March 19, 1813, the previous statutes in respect to weights and measures were revised (1 Rev. Laws 1813, p. 376); and it was provided by the eighth section "that each of the sealers of weights and measures within this state, shall be entitled to receive for his services, in sealing and marking measures and beams, which shall from time to time be brought to him for that purpose, twelve and an half cents, and for every weight and every small liquid measure, three cents, over and above a reasonable compensation for making them conform to the standard established by this act."    This act remained unchanged until the Revised Statutes were adopted, when the statutes in respect to weights and measures were again revised, by title 2 of chapter 19 of part 1 of the Revised Statutes.    1 Rev. St. p. 606.    Under the Revised Statutes a state sealer, county sealers, and town sealers were provided for.    By the twenty-seventh section it was provided that such sealers "shall compare all weights and measures which shall be brought to them for that purpose with the above mentioned copies of such standards in their possession."    The twenty-eighth section fixed the rate of fees for sealing weights and measures brought to the sealers for inspection.    By chapter 134 of the Laws of 1851 the statutes in relation to weights and measures were again revised, and title 2 of chapter 19 of part 1 of the Revised Statutes repealed.    By the twenty-second section of that act it was provided that a town sealer of weights and measures should be appointed, and by the twenty-third section it was made his duty to see that weights and measures, "which shall be brought to him for that purpose, agree with those standards in his possession."    By the twenty-seventh section a scale of fees for such services as he may be asked to perform was fixed.    This statute remained the law of this state until it was repealed and superseded by the domestic commerce law (chapter 376 of the Laws of 1896), which took effect October 1st of that year, subsequently to the service performed by the plaintiff in this action.    By the fourteenth section of this act it was made the duty of the town sealer to "keep the town standards, and see that the weights, measures, and all apparatus used in the town which are brought to him for that purpose, conform to the town standards."    The same duties are imposed by the fifteenth section upon city sealers.    By all of these acts, from the first to the last, penalties were provided for using false weights and measures by persons engaged in buying and selling articles of commerce, which were to be enforced by appropriate proceedings.    But in none of the acts was it provided that a sealer of weights and measures might go about his town, city, or county, and, unsolicited, seal the weights and measures of persons within his jurisdiction, and collect fees therefor.

The policy of this state, as manifested by the uniform course of legislation for nearly 200 years, is that sealers of weights and measures shall not charge fees for unsolicited services, and though the legislature has power to provide that sealers may recover for unsolicited services, or to delegate power to municipalities so to provide, we ought not to infer that such power has been delegated to a municipality, in the absence of an express statutory provision. The rule for ascertaining whether powers have been delegated by the legislature to municipal corporations is well stated in the eighty-ninth section of the fourth edition of Dillon on Municipal Corporations:

"Sec. 89. Extent of Power; Limitations; Canons of Construction. It is a general and undisputed proposition of law that a municipal corporation possesses and can exercise the following powers, and no others: First, those granted in express words; second, those necessarily or fairly implied in or incident to the powers expressly granted; third, those essential to the declared objects and purposes of the corporation,—not simply convenient, but indispensable. Any fair, reasonable doubt concerning the existence of power is resolved by the courts against the corporation, and the power is denied."

The view taken of the questions discussed renders it unnecessary to consider the other points argued. The judgment of the county court should be affirmed, with costs. All concur.