AGNES SMITH, Respondent, *v.* GEORGE WETHERILL, Appellant.

*Killing a dog seen worrying sheep after he has been followed to adjoining premises.*

A person who seeks to justify the killing of a dog under section 123 of chapter 686 of the Laws of 1892, which provides, " Any person may kill any dog which he shall see wrongfully chasing, worrying or wounding any sheep," is not obliged to show that the dog was killed while in the act of chasing sheep; the protection of the statute extends to a case where a man, who had seen a dog chasing sheep in his pasture, followed the dog upon the adjoining premises and there shot him.

APPEAL by the defendant, George Wetherill, from a judgment of the County Court of Oneida county in favor of the plaintiff, entered in the office of the clerk of the county of Oneida on the 12th day of March, 1902, upon the verdict of a jury for fifty-five dollars, and also from an order entered in said clerk's office on the 28th day of March, 1902, denying the defendant's motion for a new trial made upon the minutes.

*D. F. Searle*, for the appellant.

*E. M. Willis*, for the respondent.

Nash, J.:

The recovery is for the value of a dog killed by the defendant. The evidence of the defendant is to the effect that he saw the dog in the pasture on his premises chasing his sheep; that he followed the dog up and got close enough so he could see the dog pulling the wool out of the sheep; that the dog ran after the sheep and grabbed hold of them with his teeth as they were running away from him, and that the defendant followed the dog into the adjoining premises and shot him.

The court charged the law of the case as follows: " The defendant justifies * * * the killing of the dog, or attempts to justify in part at least under a statute which provides that any person may kill any dog which he shall see wrongfully worrying or wounding any sheep. The defendant claims that he saw the dog chasing his sheep. The dog ran away when he approached; the defendant followed the dog around for the purpose of shooting him or in attempting to shoot him, until the dog got some distance away and finally he did shoot him. I think I must hold as a matter of law that that statute is not a defense because the dog was not chasing, or worrying or wounding any sheep at the time he was shot. That statute provides that any person may kill any dog while in the act of chasing, worrying or wounding any sheep, so that as a matter of law that statute is no defense here."

To this part of the charge the defendant excepted and requested the court to charge that the defendant had the right to shoot the dog provided he actually saw the dog worrying or chasing or wounding his sheep, which the court declined to do, and the defendant excepted.

We think the charge was erroneous and that the request to charge should have been granted.

The language of the statute (Laws of 1892, chap. 686, § 123) is: " Any person may kill any dog which he shall see wrongfully chasing, worrying or wounding any sheep."

At common law a dog might be killed in defense of or when necessary for the protection or preservation of property. The

statute goes further. It provides for the killing of a dog that wrongfully chases, worries or wounds sheep. If it does these things it must be killed. *First,* the dog may be killed by any person who shall see the dog wrongfully chasing, worrying or wounding any sheep (§ 123); *second,* the owner to whom notice shall be given of an injury done by his dog to any sheep, or of his dog having chased or worried any sheep, shall within forty-eight hours after such notice cause such dog to be killed; for any neglect to do so he shall forfeit two dollars and fifty cents and the further sum of one dollar and twenty-five cents for every forty-eight hours thereafter, until his dog be killed. (§ 124.)

The statute not only bears the construction we put upon it, but it would be an anomaly to hold that a recovery may be had for a dog which in any event must be killed. Such a dog cannot be said to have any market value. The judgment should be reversed.

McLENNAN, SPRING, WILLIAMS and HISCOCK, JJ., concurred.

Judgment and order reversed and a new trial ordered in the County Court, with costs to the appellant to abide event.