### SMITH v. WETHERILL.

(Supreme Court, Appellate Division, Fourth Department. December 16, 1902.)

1. KILLING DOG—DAMAGES—LIABILITY—CONSTRUCTION OF STATUTE.

    Under a statute providing that "any person may kill any dog which he shall see wrongfully chasing, worrying or wounding any sheep," and requiring, under penalties, the owner of such a dog, on notice of injuries done by the animal, to kill it, no liability in damages was incurred by killing another's dog, seen worrying sheep, though at the instant of the killing the dog had left the sheep, and was seeking to escape his pursuer.

Appeal from trial term, Oneida county.

Action by Agnes Smith against George Wetherill. From a judgment for plaintiff, and an order refusing to set aside the verdict and grant a new trial on the minutes, defendant appeals. Reversed.

Argued before McLENNAN, SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

D. F. Searle, for appellant.

E. M. Willis, for respondent.

NASH, J. The recovery is for the value of a dog killed by the defendant. The evidence of the defendant is to the effect that he saw the dog in the pasture on his premises, chasing his sheep; that he followed the dog up, and got close enough so he could see the dog pulling the wool out of the sheep; that the dog ran after the sheep, and grabbed hold of them with his teeth as they were running away from him; and that the defendant followed the dog into the adjoining premises and shot him.

The court charged the law of the case as follows:

"The defendant justifies the killing of the dog, or attempts to justify, in his part, at the least, under a statute which provides that any person may kill any dog which he shall see wrongfully worrying or wounding any sheep. The defendant claims that he saw the dog chasing his sheep; the dog ran away when he approached; the defendant followed the dog around for the purpose of shooting him, or in attempting to shoot him, until the dog got some distance away; and that finally he did shoot him. I think I must hold, as a matter of law, that that statute is not a defense, because the dog was not chasing or worrying or wounding any sheep at the time he was shot. That statute provides that any person may kill any dog while in the act of chasing, worrying, or wounding any sheep, so that, as a matter of law, that statute is no defense here."

To this part of the charge the defendant excepted, and requested the court to charge that the defendant had the right to shoot the dog, provided he actually saw the dog worrying or chasing or wounding his sheep, which the court declined to do, and the defendant excepted.

We think the charge was erroneous, and that the request to charge should have been granted. The language of the statute is, "Any person may kill any dog which he shall see wrongfully chasing, worrying, or wounding any sheep." At common law a dog might be

¶ 1. See Animals, vol. 2, Cent. Dig. § 287.

killed in defense of, or when necessary for the protection or preservation of, property. The statute goes further. It provides for the killing of a dog that wrongfully chases, worries, or wounds sheep. If it does these things, it must be killed: First, the dog may be killed by any person who shall see the dog wrongfully chasing, worrying, or wounding any sheep; second, the owner to whom notice shall be given of an injury done by his dog to any sheep, or of his dog having chased or worried any sheep, shall, within 48 hours after such notice, cause such dog to be killed. For any neglect to do so, he shall forfeit $2.50, and the further sum of $1.25 for every 48 hours thereafter until his dog be killed. The statute not only bears the construction we put upon it, but it would be an anomaly to hold that a recovery may be had for a dog which in any event must be killed. Such a dog cannot be said to have any market value. The judgment should be reversed.

Judgment and order reversed, and new trial ordered in county court, with costs to the appellant to abide the event. All concur.