## COLLINSON v. WIER.

### (Lewis County Court.   August 2, 1915.)

1. JUSTICES OF THE PEACE ⊚⇒97—PROCEDURE—PLEADING—VERIFICATION.
   Code Civ. Proc. § 2938, providing that when a verified complaint is
   served in an action before a justice of the peace the answer shall be
   verified, requires the answer to be verified only in case plaintiff is au-
   thorized to verify his complaint under section 2936, authorizing the verifi-
   cation of a complaint only in an action arising on contract for money only
   or on an account; and hence, in an action in a justice's court for dam-
   ages for shooting plaintiff's dog, defendant was not required to verify his
   answer, although the complaint was verified.

   [Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §
   333; Dec. Dig. ⊚⇒97.]

2. ANIMALS ⊚⇒100—INJURIES BY ANIMALS—TRESPASSING DOGS.
   In an action before a justice of the peace for damages for shooting
   plaintiff's dog while chasing defendant's turkeys, evidence held to support
   a finding that defendant was justified in shooting the dog to protect his
   turkeys.

   [Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 354–365, 380–
   385, 395, 397–401, 409–419; Dec. Dig. ⊚⇒100.]

3. ANIMALS ⊚⇒96—TRESPASSING—KILLING TRESPASSING DOG.
   An owner of fowls may protect them against a trespassing dog, and
   may kill the dog, if necessary to protect them.

   [Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 375–379; Dec.
   Dig. ⊚⇒96.]

4. ANIMALS ⊚⇒96—TRESPASSING—KILLING TRESPASSING DOG.
   The right to kill a dog found trespassing and endangering property is
   not affected by the relative value of the dog and the property being in-
   jured.

   [Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 375–379; Dec.
   Dig. ⊚⇒96.]

5. JURY ⊚⇒148—ORGANIZATION—FAILURE TO SWEAR JURY—WAIVER.
   Failure to swear the jury in a trial before a justice of the peace, as
   required by Code Civ. Proc. § 2998, providing that the justice must ad-
   minister an oath or affirmation to each juror, is an irregularity merely
   and is waived by proceeding to trial without objection, in view of sec-
   tion 3063, providing, as to appeals from justice's court, that the appellate
   court must render judgment according to the justice of the case without
   regard to technical errors or defects which do not affect the merits.

   [Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 640–648; Dec. Dig.
   ⊚⇒148.]

6. WORDS AND PHRASES—"WAIVER."
   "Waiver" is a neglect to take advantage of one's rights at the proper
   time, and will be implied from silence or omission to object when the
   party having the right to do so is given opportunity therefor.

   [Ed. Note.—For other definitions, see Words and Phrases, First and
   Second Series, Waiver.]

Appeal from Justice Court.

Action by Thomas J. Collinson against Patrick Wier before a jus-
tice of the peace.   From a judgment for defendant, plaintiff appeals.
Affirmed.

F. J. De La Fleur, of Utica, for appellant.

Charles S. Mereness, of Lowville, for respondent.

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

CARTER, J. This action was brought in Justice's Court of the Town of Lyonsdale, in this county, to recover damages for the shooting and killing by defendant of a dog owned by plaintiff. The defense, in substance, was that the dog was killed while chasing defendant's turkeys, and that it was necessary to kill the dog to protect the turkeys. The action was tried before a justice of the peace and a jury. The jury returned a verdict of no cause of action, upon which judgment was rendered in favor of defendant and against the plaintiff for costs of the action, and from this judgment plaintiff appeals to this court. The grounds upon which appellant seeks to reverse said judgment are: (1) That the answer was not verified; (2) that the justice erred in the rejection of evidence; (3) that the verdict was contrary to the evidence; (4) that the jury was not sworn as required by law.

[1] The complaint was verified, but the answer was not. The only authority for verifying a complaint in Justice's Court is found in section 2936 of the Code of Civil Procedure, and this section authorizes the verification of a complaint only in "an action arising on contract for money only, or on an account." Section 2938 of said Code provides that when a verified complaint is served the answer shall be verified. I think section 2938 must be so construed as to require a verification of the answer only in case the plaintiff is authorized to verify his complaint, and since this action is not an action arising on a contract for money only, or on an account, that the defendant was not required to verify his answer and was justified in treating the verification of the complaint as a nullity.

I have examined the rulings of the justice and find no error in same which calls for reversal of the judgment.

[2] The appellant contends that the evidence is not sufficient to justify the defendant in killing the dog. It appears from the justice's return that the defendant testified, in substance, as follows:

"I am a farmer and live in the town of Leyden, about 1¾ miles from Port Leyden; have a farm of 153 acres; had 72 turkeys; that on the 14th day of October, 1914, I returned from Port Leyden about 11 o'clock; heard the dogs barking in the meadow where the turkeys were; there were three dogs among the turkeys; went into the house and got my gun; as I came out of the house, one of the turkeys came through the yard running with its wings partly extended; two of the dogs were a few feet from the turkey, chasing it, perhaps six or eight feet; at the time I shot the dog as I did, he was a few feet from the turkey, chasing it."

The justice also returns that the defendant testified, in substance, as follows:

"That at the time I shot plaintiff's dog, said dog and another dog were chasing one of the defendant's turkeys through the dooryard, and at the precise time of such shooting the plaintiff's dog was a few feet, six or eight, from said turkey, which was running and the dog after it."

[3, 4] The owner of fowls has always had the right to protect them against a trespassing dog, and, if necessary in order to protect them, to kill the dog. The Law of Animals, by Ingham, 128; 1 Jaggard on Torts, 152; 2 Cooley on Torts (3d Ed.) 702; 2 Cyc. 416; Leonard

v. Wilkins, Jr., 9 Johns. 233; Smith v. Wetherill, 78 App. Div. 49, 79 N. Y. Supp. 782; Sabin v. Smith (Cal. App.) 147 Pac. 1180. And it was for the jury to determine whether the killing was justified by the necessity of the case, and as requisite to preserve the fowl. Leonard v. Wilkins, 9 Johns. 233, and other authorities above cited. I think the jury was justified by the evidence in reaching the conclusion it did. The right to kill a dog found trespassing and endangering property is not affected by the relative value of the dog and the property being injured. Sabin v. Smith, supra, and cases cited.

[5] The court had jurisdiction of the parties and the subject-matter of the action. Both parties were present in person and represented by able attorneys who took part in the impaneling of the jury, announced that the jury was satisfactory, examined the witnesses, and at the close of the evidence summed up the case to the jury; each party was sworn as a witness in his own behalf and cross-examined by the adverse party; a constable was sworn to take charge of the jury; the jury retired in his charge and in due time returned into court and rendered a verdict of no cause of action, as above stated. The said jurors impaneled to try the case were not sworn as required by section 2998 of the Code of Civil Procedure. Said section 2998 provides that "the justice must administer an oath or affirmation to each juror." Then follows the form of the oath. No request was made by any one that the jurors should be sworn, nor was any objection made that they were not sworn. The question is whether, under these circumstances, the swearing of the jury is essential to the validity of the verdict and the judgment entered thereon. It does not appear that the plaintiff was injured by the failure to swear the jury.

In Hardenburgh v. Crary, 15 How. Prac. 307, one of the jurors who rendered the verdict was not sworn. The fact that he had not been sworn was unknown to the parties. For this irregularity the defendant moved to set aside the verdict. The motion was denied. The court said:

"So in respect to the absence of the proper qualifications to serve as a juror, the party may, when the jurors are drawn, object that any juror has not the requisite property, or is too old or too young, or otherwise disqualified to serve. If these objections are improperly disregarded, he will have his remedy. But, if he omit to take the objections in season, he cannot afterwards be heard to question the regularity of the proceedings. Even his ignorance will not be allowed as an excuse for not objecting at a time when the ground of objection might have been removed. He must show injury, as well as ignorance, before the court will interfere. The courts, in this country, have uniformly acted upon this principle. In all cases where the objection is technical, and might have been obviated upon the mere mention, at the time the irregularity occurred, and where such irregularity has not been productive of any injury whatever, the application has been refused."

In Jenkins v. City of Hudson, 8 N. Y. Civ. Proc. R. 70, there was an omission to swear the entire jury. The defendant moved to set aside the verdict. The motion was denied. The court said, at page 71:

"The question which this motion presents is: If a trial proceeds, and a verdict be rendered without a jury being sworn, is such a verdict irregular and void if neither party asked that the oath should be administered? In other words, is the swearing of the jury essential to the validity of the ver-

dict? The question, though novel in the form in which it is presented—the omission to swear an entire jury—involves no new principle, but one well settled. That which the law required to be done for the protection of a party may be waived, and the failure to object is a waiver. Neither can the failure to object be excused by alleged ignorance, for a party is presumed to know what he could easily have ascertained; and, if a party wishes for his protection that to be done which the law directs, ordinary diligence requires him to make inquiry whether or not the statute has been complied with, and not to sit with folded arms and assume that others will care for his rights, or to watch, with closed lips, to see if some omission does not occur which will render all that is done of no effect."

This case was reversed in 40 Hun, 424, but on another point.

The two cases above cited arose in the Supreme Court, but were. decided independent of section 721 of the Code of Civil Procedure (2 Rev. St. p. 425, § 7, subd. 14), although reference was made to said section. Said section provides: ·

"In a court of record, where a verdict, report or decision has been rendered, the judgment shall not be stayed, nor shall any judgment of a court of record be impaired or affected by reason of either of the following imperfections, omissions, defects, matters, or things, in the process, pleadings or other proceedings; * * * (12) For an omission on the part of a referee to be sworn; or for any other default or negligence of the clerk, or any other officer of the court, or of a party, his attorney or counsel, by which the adverse party has not been prejudiced."

Section 3063 of said Code, which relates to appeals from Justice's Court, provides:

"The appellate court must render judgment according to the justice of the case, without regard to technical errors or defects which do not affect the merits."

While said section 721 applies to courts of record only, it would seem that the same defects should be disregarded under section 3063 as could be under said section 721, and there appears to be no reason why the rule as to failure to swear the jury should be any different in Justice's Court than in a court of record.

In Scott v. Moore et al., 41 Vt. 205, 98 Am. Dec. 581, the court held that the failure to swear a jury was an irregularity which a party might waive.

So far as I am able to find, there are but two cases arising in Justice's Court, in this state, where the question as to effect of the failure to swear the jury has been considered, and they are Fulton v. Yuill, 24 Misc. Rep. 285, 53 N. Y. Supp. 707, decided in the Sullivan County Court in July, 1898, and Cahill v. Delaney, 68 N. Y. Supp. 842, decided in the Fulton County Court in 1901. These cases are in conflict and reach opposite conclusions. In Fulton v. Yuill it was held that the failure to swear the jury on the trial of an action in Justice's Court is a fatal error and cannot be disregarded. In Cahill v. Delaney, the facts of which case are very similar to the case at bar, it appeared that both parties were present and represented by counsel; that a jury was selected and accepted but not sworn; that the jury retired in charge of a sworn officer and returned a verdict which was accepted and judgment entered thereon. It was held that the failure of the justice to swear the jury was an irregularity only which the parties

waived by proceeding with the trial without objection being made when the omission might have been supplied and error avoided. And this case is cited with apparent approval in Arker v. Cohen, 136 App. Div. 871, 873, 122 N. Y. Supp. 4.

The case of Fulton v. Yuill is the only case arising either in Justice's Court or in a court of record, of this state, so far as I am able to find, which holds that the failure to swear the jury where no objection is made is a fatal error and cannot be disregarded.

The Revised Statutes (2 R. S. p. 541, § 4) provided that:

"Before proceeding to hear any testimony, the arbitrators shall be sworn faithfully and fairly to hear and examine the matters in controversy," etc.

Nothing was said in said statute as to whether or how the oath of the arbitrators might be waived. It was held under this statute that the parties might waive the oath, either by express agreement, or by going on with the proceedings without objection on that account, and that the omission of the oath would be an irregularity merely, not affecting the jurisdiction of the arbitrators. 2 Wait's Law and Practice (8th Ed.) 1711, 1712, and cases there cited.

In Flannery v. Sahagian, 134 N. Y. 85, at page 89, 31 N. E. 319, at page 320, the court said:

"We are aware that it has often been held, under the Revised Statutes, that where the parties have appeared before arbitrators and have entered upon the trial of their case, sworn and examined witnesses, and waited until an award or a report has been served, without calling the arbitrators' attention to the fact that an oath is required, they will be deemed to have waived it."

The Revised Statutes (2 R. S. p. 384, § 44) provided that "before proceeding to hear any testimony in the cause, the referees shall be severally sworn," etc. Nothing was said in this statute as to whether or how the oath of the referees might be waived. Under this statute, it was held that the failure of a referee to be sworn was a mere irregularity, not a jurisdictional defect, and might be waived by implication. Nason v. Luddington, 56 How. Prac. 172, and cases cited.

A person elected to the office of justice of the peace, but who has neglected to take the oath of office, is nevertheless in office by color of title, and his acts are valid as regards the public and third persons, and a judgment rendered before him would be valid. Greenleaf v. Low, 4 Denio, 168; Weeks v. Ellis, 2 Barb. 320.

It has been repeatedly held in both civil and criminal cases that the failure to swear a witness who gave evidence in the presence of the parties without objection was an irregularity and waived by not objecting. Southern Ry. Co. v. Ellis, 123 Ga. 614, 51 S. E. 594; Moore v. State, 96 Tenn. 209, 33 S. W. 1046; Rhodes v. State, 122 Ga. 568, 50 S. E. 361.

The failure to object to the qualifications of a juror is a waiver of all objections, although the disqualification is not known at the time of the trial. People v. Thayer, 132 App. Div. 593, 116 N. Y. Supp. 821; Bennett v. Matthews, 40 How. Prac. 428; Clark v. Van Vrancken, 20 Barb. 278; Salisbury v. McClaskey, 26 Hun, 262.

In Dayharsh v. Enos, 5 N. Y. 531, the action was commenced in

the County Court of the County of Madison, and an issue of fact was joined therein before the adoption of the Code. The Legislature, in the adoption of the Code, through inadvertence, omitted to give the County Court authority to try causes in which issues of fact had been previously joined, by jury. But by the provisions of the Code the court retained jurisdiction of such causes, and of the parties. This cause was tried in the County Court by jury. The defendant appeared on the trial and interposed a defense to the suit on the merits, and omitted to make any objection on the trial to the trial of the cause by the jury, or by the court and jury. The court said, Paige, Judge, writing the opinion:

"I think the defendant, having failed to take his objection at the proper time, must be regarded as waiving the irregularity of the trial by the court and jury, and acquiescing in, or consenting to, such trial. This is not a jurisdictional question. The court had jurisdiction both of the cause and of the parties, but, by a mistake in the adoption of the Code, it had no power to try the cause by a jury. We must regard the trial as a trial by the consent of the parties. A party may silently acquiesce in, or expressly consent to, an irregular impaneling of the jury, or to a trial by a jury of less than the legal number, or by incompetent jurors. Consent, either express or by implication, waives all objections to irregularities which occur in the progress of a cause."

[6] It is required of every one to take advantage of his rights at the proper time, and the neglect to do so will be considered a waiver. Browning v. Smith, 139 Ind. 280, 293, 37 N. E. 540.

An implied waiver arises from an omission to object when the occasion gives proper opportunity. Matter of Investigation, City and County of Albany, 74 Misc. Rep. 170, 182, 132 N. Y. Supp. 908.

A "waiver" is implied whenever it may be reasonably and fairly inferred from the act or omission or silence of the party who has the power of waiving. Roumage v. Mechanics' Fire Ins. Co., 13 N. J. Law, 110, 124.

It seems to me on principle and authority, and especially in view of said section 3063, that the failure under the circumstances of this case of the justice to swear the jury impaneled to try the case is, at most, an irregularity, and the failure of the parties to the action to make objection in the court below is a waiver of their right to do so thereafter.

The judgment of the court below must be affirmed, with costs, and an order and judgment may be entered accordingly.