COUGHNET AND OTHERS *against* EASTENBROOK.

*If a return to a certiorari state that the cause was tried before a jury, and that the jury retired to consider of their verdict, without stating also that a con stable was sworn to at tend them, the omission will be fatal, for it cannot be sup plied by in tendment.*

IN ERROR, on *certiorari,* from a justice's court. *Eastenbrook* sued *Coughnet,* and others, before the justice, and declared upon a note or agreement to pay him a certain sum per month, for his services as a soldier, &c. One of the defendants, *Coughnet,* only was taken. The return was very short, and stated that the cause was tried by jury; that it was submitted to them, and, after having retired, the jury returned with a verdict in favour of the plaintiff, for fourteen dollars and costs, upon which a judgment was entered. Nothing was mentioned of any constable attending the jury, nor any thing from which it could be inferred, that such was the fact. Several other objections were also made.

*Per Curiam.* The return is very imperfect, and injustice may, perhaps, be done for want of a more perfect statement of the proceedings below. The case of *Van Doren* v. *Wilcox,* (2 *Caines' Rep.* 373.) is in point, to show, that if it appear from the return that the jury retired, and nothing is said about a constable's being sworn to attend them, it is a fatal omission, not to be supplied by intendment. This objection cannot be surmounted; it grows out of the positive direction of the statute, that a constable shall be sworn to attend the jury. This is not an omission or misrecital of an oath merely, so as to bring the case within the proviso to the 17th section of the act. (1 *N. R. L.* 397.)

Judgment reversed.