## HOWARD *vs.* SEXTON.

Parties to a submission to arbitration may waive the oath of the arbitrators, and such waiver will not divest the proceeding of the character of a statute arbitration ; and therefore witnesses sworn by a proper officer to testify before arbitrators, whose oath is thus waived, may commit perjury by false swearing upon such arbitration. Such waiver may be tacit, by going on where the arbitrators are not sworn, without objection, as well as express.

ACTION for verbal slander, tried before MONELL, C. Judge, at the Chenango circuit in August, 1843. The case was this. A controversy existed between the defendant and one Monroe, in September, 1842, which by an instrument in writing they submitted to the decision of three arbitrators. The arbitrators met and heard the proofs and allegations of the parties, and made an award in writing, that the defendant pay a sum of money to Monroe. The arbitrators were not sworn. The plaintiff was sworn as a witness for Monroe by a justice of the peace, and gave material evidence. All the other witnesses on both sides were sworn by a justice of the peace. The defendant charged the plaintiff with false swearing on that occasion ; and for these words, imputing perjury as was alleged, the action was brought. The judge nonsuited the plaintiff on the ground that, as the arbitrators were not sworn, a justice of the peace had no authority to administer an oath to the witnesses ; and consequently that there could be no perjury before the arbitrators. The plaintiff now moves for a new trial on a case.

*Abial Cook,* for the plaintiff, cited 24 *Wend.* 258.

*B. F. Rexford & D. Wright,* for the defendant, cited 9 *Wend.* 340 ; *Stat. of* 1816, *p.* 242.

*By the Court,* BRONSON, Ch. J. It is not denied that there was a statute submission ; (2 *R. S.* 541, § 1,) but the argument for the defendant is, that because the arbitrators were not sworn, (§ 4,) the whole proceeding before them was *coram non judice ;*

)r at least, that it was not a statute arbitration, and consequently there was no authority to swear the witnesses, as there would have been had the arbitrators been sworn. (§ 5.) Such is not my opinion. True, the statute says, the arbitrators shall be sworn. But that, like similar provisions in relation to judges and jurors, was only intended to secure to the parties, if either of them desired it, a hearing and decision by persons sworn to a faithful discharge of their duties. I cannot suppose that the legislature intended to prohibit the parties from waiving the oath to the arbitrators; nor that going on by consent without the oath changes the legal character of the tribunal. Suppose the parties should waive the swearing of the jury at the circuit, or agree that eleven, instead of twelve, jurors might hear the cause and render a verdict, I cannot for a moment suppose that false swearing by a witness on the trial would not be perjury. Or if parties should go to a trial before a judge or a justice of the peace who had not taken the oath of office, I think a witness who should swear false on such trial could not escape the pains of perjury. Here both parties tacitly consented to go on without swearing the arbitrators: but they had their witnesses sworn by a justice of the peace pursuant to law. I think the witnesses could commit perjury before the arbitrators; and consequently that an action may be maintained for words imputing perjury to them on that occasion.

New trial granted.