Westbrook, J.
In this ease the plaintiff, whose husband was killed by the upsetting of a load of hay in the city of Hudson, recovered a verdict for $2,500 against the city in an action tried at the Columbia circuit, in April, 1885, for negligently causing such death by permitting one of its streets, upon which the deceased was traveling at the time of the accident, to be out of repair.
The defendant now moves, at special term, to set aside the verdict upon the ground that the jurors were not sworn. In the county of Columbia, as in all the counties of this (the *245 third) judicial district, the practice has been to swear the trial jurors in a body at the commencement of court for the trial of all the civil causes at that circuit. It seems that the clerk neglected this duty at the circuit at which this cause was tried and after the selection of the jury, the trial proceeded without anything being done or said as to the swearing of the jury. The trial was begun April 13, 1885; the cause submitted to the jury on the twenty-second, and the verdict rendered on the twenty-third. The counsel for the defendant did not learn that the jury was not sworn until the said twenty-third day of April, about an hour previous to the verdict.
The question which this motion then presents is: If a trial proceeds, and a verdict be rendered without a jury being sworn, is such a verdict irregular and void if neither party asked that the oath should be administered ? In other words, is the swearing of the jury essential to the validity of the verdict ? The question, though novel in the form in which it is presented — the omission to swear an entire jury — involves no new principle but one well settled. That which the law requires to be done for the protection of a party may be waived, and the failure to object is a waiver. Neither can the failure to object be excused by alleged ignorance, for a party is presumed to know what he could easily have ascertained; and if a party wishes for his protection that to be done which the law directs, ordinary diligence requires him to make inquiry whether or not the statute has been complied with, and not to sit with folded arms and assume that others will care for his rights, or to watch, with closed lips, to see if some omission does not occur which will render all that is done of no effect.
The Code of Civil Procedure (sec. 1166) declares “ the first twelve persons who appear, as their names are drawn and called, and are approved as indifferent between the parties, and not discharged or excused, must be sworn, and constitute the jury to try the issue.”
This portion of the section quoted (it was added to by *246 chapter 234 of the Laws of 1883 by disqualifying jurors related by consanguinity or affinity in the same cases in which judges are disqualified; but requiring the objection to be made before opening the case) is almost a literal transcript of the Eevised Statutes (2d ed. 438, sec. 61), as indeed the most of the provisions of the Code in regard to jurors are.
The statute and the Code undoubtedly prescribe a rule to be followed, both as to who the twelve jurors are to be, and the administration of the oath, but it was never supposed that, in regard to eitln#, the requirements could not be waived. If for example the first twelve found indifferent were not sworn, but some others were without objection taken, would the verdict be set aside as irregular because the statute requirement, that such first twelve must be the jury, is jurisdictional? That portion of the section is as mandatory as the other, and if the objection fails in the one instance it must in the other. And what is true of the provisions of this section is equally true of others in regard to the drawing, summoning, selection and qualifications of jurors; and various other provisions regulating the practice of the courts. They all speak of certain things to be done, and yet when those have been omitted in every instance, when such omission has been made the ground of a motion, it has been held to be waived by want of the interposition of an objection at the proper time.
In Bennett agt. Matthews (40 How., 428), the alienage of one of the jurors was made the ground of a motion to set aside the verdict, and as an excuse for not making the objection upon the trial, ignorance of the fact was urged. The statutes of the state declared an alien “ incapable * * *
of serving on any jury ” (3 R. S. [5th ed.], 8, sec. 42), but the court nevertheless denied the motion, holding that the failure to make the objection was a waiver, even though the fact of the alienage of the juror did not “ come to their knowledge until after the trial.
So, too, when motion's have been made to set aside verdicts upon the ground that one or more of the jurors was related *247 to one of the parties within the degree which rendered jurors incompetent, though the fact was unknown at the time of the trial, it has been held that the failure to object waived the objection (Schuyler agt. Thompson, 15 Abb. [N. S.], 220; Salisbury agt. McClaskey, 26 Hun, 262).
So, too, it has been held that express statutes as to the mode of selecting a referee and as to his being sworn, can be waived by not making the objection ( Whalen agt. Supervisors, 6 How., 278; Keator agt. The Ulster and Delaware Plank Road 7 How., 41; Nason agt. Luddington, 56 How., 172).
In Howard agt. Setxon (1 Den., 440) it was decided that though a statute of the state required arbitrators to be sworn, yet a procedure with the trial without demanding it to be done was a waiver. The opinion of the court, per Bronson, J., bears directly upon the present motion because he likens the provisions of the statute requiring. arbitrators to be sworn to those requiring judges and jurors also to be sworn, and argues that because the necessity of an oath can be waived in regard to the latter (judges and jurors), it can be in the case of arbitrators.
The exact question involved in this matter was, however, presented in Hardenburgh agt. Crarey (15 How., 307). One of the jurors in that case had not been sworn and that fact was unknown to the parties. A motion was made to set aside the verdict on that ground, and the court (Harris, J.) held, writing an opinion to sustain it, that the failure to object was a waiver, and that ignorance did not excuse the want of an objection. The fact is, and so judge Harris held, that the language of the statute then in force, which is identical with that pf our present Code, required a juror to be sworn in each case ; and the practice of swearing jurors in a body for all the issues of a circuit can only be upheld by the absence of an objection to the non-swearing in the case which is tried. When, therefore, the counsel for the defendants undertake to excuse the want of an objection by the plea cf ignorance, in addition to the answer hereinbefore given, that *248 what a party can readily know, he is .presumed to know, it can also be said that they knew when they commenced the trial of the action that the oath required by the Code —well and truly to try that issue — had not been administered, and, therefore, when they proceeded with the trial without demanding its administration, they deliberately and with knowledge waived the doing of the very thing, on account of not doing which they now move.
The principle is' fundamental that when a court has jurisdiction of the subject-matter and the parties, statute and constitutional rights may be waived, and the failure to object is a waiver (People agt. Globe Mutual Life Insurance Company, 82; see page 91 and authorities there cited; see, also, pages 95, 96, 97). There is no reason why that principle is not decisive of this case. It has been applied again and again, as has been shown, in instances very similar to the present, and it would be a grievous wrong, when no injury has been done, to nullify the long and expensive trial which has been had.
If then there was no curative statute this motiozz should be denied. The Code, howevez’, declares (sec. 721): “In a court of record, when a verdict, report or decision has been rendered, the judgment shall not be stayed, nor shall any judgznent of a court of record be impaired or affected, by i-eason of either of .the following impez-fections, omissions, defects, mattez-s or things, in the pz-oofs, pleadings or other proceedings. * * * 12. For an omission on the part of a referee to be sworn, or for any other default or negligence of the clerk, or any other officer of the court, or of a party, his attorney or counsel, by which the adverse party has not been prejudiced.”
It will be observed that the omission to swear a referee is expressly declared not to be fatal to the report. This provision was inserted in 1879 for the purpose, as is declared in the codifier’s notes, of quieting “ doubts in cases where, the direction of section 1016 {post), had not been followed.” Section 1016 is the one which requires the refez-ee to be sworn, *249 and which provides that the waiver of the oath “ may be made by written stipulation or orally. If it is oral, it must be entered in the referee’s minutes.” Its insertion in that section, and in the subdivision which has been quoted, shows the intent of the section. The neglect to swear the jury was the “default or negligence of the cleric,” and as that was inapplicable to the case of a referee the addition referred to was made. As then the neglect to swear a referee does not per se vitiate a report or judgment; and as the necessity of an oath to a referee is as great as that to a jury; and as the omission to swear was the “ default or negligence of the clerk,” it must be held that the want of the oath to the jury in this case does not, unless the party swearing has been prejudiced, vitiate the verdict.
The oath of a juror cannot be received to impeach a verdict, nor are the declarations of a juror after it has been rendered any evidence. The affidavit of the juror; and those stating conversations with another juror are not received as evidence upon this motion. Excluding these to which reference has been made, as the law clearly requires they should be, there is an entire abs ence of proof to show that the defendant has been injured. The affidavits on the other hand submitted by the plaintiff as well as the proceedings of the trial, of which the judge writing this opinion has personal knowledge, satisfy him that the defendant has received no injury by the omission to swear the jury, and that therefore section 721 of the Code, as well as well-established practice, requires the denial of this motion.