CAHILL v. DELANEY.

(Fulton County Court. January Term, 1901.)

1. TRIAL—JUSTICE'S COURT—UNSWORN JURY—IRREGULARITY—WAIVER.
On a trial in a justice's court, a jury was summoned and accepted to try the issues, both parties being present and represented by counsel, and after a trial retired in charge of a sworn officer, and returned a verdict which was accepted and judgment entered thereon, but the jury was not sworn. *Held*, that the failure of the justice to swear the jury was an irregularity only, which the parties waived by proceeding with the trial without objection being made when the omission might have been supplied and error avoided.

2. SAME—VERDICT—SURPLUSAGE.
In an action in justice's court to recover for injury to a garment, there was no claim by the defendant that she owned the garment; and the jury returned a verdict "for the defendant for $2.50, and delivery of the garment to the plaintiff." *Held*, that the verdict was simply a verdict for defendant for $2.50, and that the words "delivery of the garment to the plaintiff" were surplusage, and, though faulty in form, the verdict was sufficient to support a judgment for defendant for the sum found.

3. SAME—ISSUES OF FACT—FINDINGS OF JURY—APPEAL AND ERROR.
Where on a trial in justice's court the matters in controversy were matters of fact, and submitted on a conflict of testimony, the finding of the jury cannot be disturbed on appeal.

Appeal from justice court.

Action by Agnes Cahill against Catherine Delaney. From a judgment for defendant, plaintiff appeals. Affirmed.

M. D. Murray, for appellant.
N. H. Anibal, for respondent.

KECK, J. The learned counsel for the appellant urges that the judgment be reversed by reason of the failure of the justice to administer the oath to the jurors who were impaneled to try the case, as

required by section 2998 of the Code of Civil Procedure. The return sets forth that the defendant demanded a jury, which was properly summoned and attended on the trial day. It also sets forth that "the following named jurors answered to their names, * * * and were accepted as jurors to try the matters at issue." It also appears by the return that the parties to the action were present at the impaneling of the jury and during the trial, and were represented by able members of the bar. The trial of the cause appears to have occupied some time, and witnesses were sworn and gave testimony in behalf of the respective parties thereto. At the close of the evidence, counsel for the respective parties discussed the facts of the case to the jury, following which the proper officer was sworn and took charge of the jury as provided by statute; and thereafter a verdict was rendered for a small amount in favor of the defendant, the jury discharged, and judgment on such verdict entered by the magistrate, and from such judgment this appeal is taken.

The only question of importance raised requiring particular attention is whether or not the judgment must be reversed because it is not set forth in the return that the jurors were sworn. It is quite probable that the usual oath was administered, but it will be assumed, however, in disposing of the case, that such was not the fact. In support of the appellant's position the cases of Fulton v. Yuill, reported in 87 N. Y. Supp. 707, 24 Misc. Rep. 285, and Coughnet v. Eastenbrook, 11 Johns. 532, are cited and relied upon as decisive of this appeal.

If there can be no waiver of the administration of the oath required to be administered by the justice as required by section 2998, then it follows that the case first cited correctly declares the law upon the question here involved. It seems to me, however, that the failure on the part of the magistrate to swear the jury impaneled to try the case must be held to be, at most, an irregularity, and the failure of the parties to the action to make objections in the court below is a waiver of their right to do so thereafter. No express provision is found in the statute which declares the result of such a trial void, and, as parties to an action may waive constitutional rights provided to them, I see no good reason why the administering of the oath to the jurors cannot be waived, either expressly or impliedly, by failing to make objections to the proceedings at the trial and before its termination. By section 3006 of the Code it is provided that after the hearing of the proofs, etc., the jury must be kept together "under the charge of a constable until they agree upon their verdict; and for that purpose the justice shall administer to the constable the following oath: * * *." And there is no doubt but that the taking of this oath on the part of the constable may be waived. In the case of Coughnet v. Eastenbrook, 11 Johns. 532, cited supra, it is held that if it appear from the return that the jury retired, and nothing is said about the constable's being sworn to attend them, it is a fatal omission, and the judgment will be reversed; and yet in the case of Tower v. Hewitt, in the same report, at page 135, it is held by the same tribunal that the oath to the constable may be waived if the parties agree to it. In Goodrich v. Sullivan, 1 Thomp. & C., Parker, J., at

page 192, says that, "as to the objection that it does not appear that the constable who attended the jury was sworn, it is sufficient that, for aught that appears, he was sworn; and, if he was not, defendant must be deemed to have waived the swearing,"—citing Tower v. Hewett, 11 Johns. 134. In Dayharsh v. Enos, 5 N. Y., at page 534, Page, J., says: "A party may silently acquiesce in, or expressly consent to, an irregular impaneling of the jury, or to a trial by a jury of less than the required number, or by incompetent persons. Consent thereto, either express or by implication, waives all objections to irregularities which occur in the progress of the case." In Howard v. Sexton, 1 Denio, 440, it is held that "the waiver need not be express. It is sufficient if no objection be made at the time." In Day v. Hammond, 57 N. Y. 479, it is held that, notwithstanding the Revised Statutes require arbitrators to take an oath as therein prescribed, "a failure to take such oath does not make the award a nullity. It is an irregularity which may be waived." While a waiver is not to be inferred, it will be implied when the proof furnishes a state of facts which requires it, and such implication may arise from an omission to object when the occasion gives opportunity, as well as by express consent. In re Application of New York, W. S. & B. Ry. Co., 35 Hun, 575–579, and cases cited. These cases, as well as many others on the same line which might be added, make very clear the principle of law applicable here,—that the failure of the justice to swear the jury was an irregularity only, which the parties waived by proceeding with the trial without objection or protest being made at the time, when the omission might have been supplied and the error avoided. Again, if such failure or omission is not an irregularity, but an error which results in a judgment that is a nullity, then the appellant, who participated in the selection of the jury and the trial following, equally with the other party, and who may have possessed knowledge at the time of the alleged fatal omission not attributable in the least to the other party, by a suppression of such knowledge at the time when only to speak would be to correct the error, permits a result which must not only leave the matters in controversy between the parties as they were before the bringing of the action, but puts upon the other party the burden of paying all the costs in both courts, by reason of an omission of the justice to perform a duty incumbent upon him, and him alone. Such a judgment would be harsh, to say the least of it. This consideration would not, of course, change the law from what it really is, but shows clearly how one or the other of innocent parties may be compelled to suffer for an omission or failure of an officer to perform his whole duty, if the appellant's contention is right. My conclusion is, therefore, as above stated, that the failure to swear the jury, assuming it was not done, —an assumption that may not, perhaps, justifiably be indulged in, however,—was an irregularity which the parties to the action waived by proceeding with the trial, and it cannot now be made a ground justifying the reversal of the judgment.

Another ground urged for the reversal of the judgment is that the verdict of the jury, which was as follows, namely: "We find a verdict for the defendant for $2.50, and delivery of the garment to the

plaintiff,"—was a special verdict, also an improper and illegal verdict, on which judgment could not be entered. No objection on the part of the appellant was made when the verdict was rendered. It might have been corrected in form after it had been delivered, and before it had been recorded, by a reconsideration thereof, which the jury might have made before it was recorded. Labar v. Koplin, 4 N. Y. 547; Blackley v. Sheldon, 7 Johns. 32. It was not a special verdict, as a jury in a justice's court cannot render such a verdict. Wylie v. Hyde, 13 Johns. 249. The verdict may have been to some extent improper in form, but it was sufficient to enable the justice to render a proper judgment thereon. It was nothing more or less than a verdict in favor of the defendant for $2.50. The remaining words, "and delivery of the garment to the plaintiff," must be held as surplusage. No claim either in the pleadings or upon the trial was made that the defendant owned or claimed the garment in question, the controversy being as to the damages thereto which the plaintiff had sustained. The verdict was for the defendant, and, although faulty, perhaps, in point of form, the justice entered the correct judgment thereon. Felter v. Mulliner, 2 Johns. 181. I think no substantial error was here committed. The matters in controversy between the parties were matters of fact, and submitted to the jury upon a conflict of testimony, and the findings of the jury were in the defendant's favor; and, under well-established rules of law, such findings cannot be disturbed upon appeal.

The judgment must be affirmed, with costs, and an order is directed to be made accordingly.