## MYRON E. ROSS v. GRAND PANTS COMPANY, Appellant.

### Division Two, March 21, 1912.

1. **PRACTICE: Exceptions: Jury: Omission to Swear a Member: Appeal.** The omission to swear a member of the jury in a civil case is but matter of exception.

2. ————:. ————: ————: ————: ————: **Constitutional Question.** There is a conflict in testimony as to whether a member of the jury in a civil case was sworn. Counsel for appellant .was present during all the time in point, and yet saved no exception. He now attempts to raise a constitutional question under the provision regarding trial by jury. *Held,* that even if a constitutional question is involved (a matter not discussed), yet, since timely exception was not saved, the Supreme Court cannot decide the point. A constitutional question in order to confer jurisdiction in a given case must not only be raised below, but must be raised at the proper time and kept alive.

Appeal from Jackson Circuit Court.—*Hon. James E. Goodrich,* Judge.

Transferred to the Kansas City Court of Appeals.

*Gerson B. Silverman* for appellant.

*Joseph P. Fontron* for respondent.

BLAIR, C.—This court is without jurisdiction of this case unless the construction of the

Constitution of the State is involved.  On the part of appellant it is asserted the provision of our Constitution relating to trial by jury was drawn in question in the trial court in this wise:  At the close of the evidence in the case the court adjourned until the following morning, and upon its reconvening appellant's counsel stated that after adjourment on the previous day he had learned one of the twelve jurors had not been sworn to try the case, wherefore counsel moved the court "to discharge the entire jury and impanel a new jury."  Evidence, pro and con, was heard upon the question of fact thus raised.

Appellant's counsel was at the counsel table when the jury was impaneled, and testified he was cognizant of the fact the juror in question was at first excused and then recalled but had no recollection whether he was sworn.  It appeared that the official calling the twelve selected to try the case inadvertently omitted the juror Lockwood and then "in the fraction of a minute" discovered the error and recalled him to the jury box.  A young attorney—associated in the trial with appellant's present counsel, engaged in looking after the witnesses and offering occasional suggestions, though not employed by appellant—and one of appellant's employees testified they observed the omission to swear Lockwood at the time it occurred but did not mention it, not knowing it was of importance.

The juror and the deputy who called the jury list preparatory to swearing the twelve gave testimony tending to show all twelve were duly sworn.  The court and respondent's counsel had no distinct recollection on the subject.

The court made no definite finding whether the juror was or was not sworn, but stated it was under "the impression from the testimony that the weight of it tends to show the juror was not sworn," and then said counsel had waived the point by not raising it

earlier, the whole transaction having occurred in counsel's presence. The court then heard the testimony of appellant's counsel and thereupon overruled the motion, giving, at that time, no reason for its ruling.

We think this cause must be transferred. An absolute denial of a jury trial in a case in which it is demandable will not be reviewed unless exception is taken and saved (Ward v. Quinlivin, 65 Mo. 453; Klotz v. Perteet, 101 Mo. 213; Estes v. Fry, 94 Mo. l. c. 271; Smith v. Baer, 166 Mo. l. c. 401; Callahan v. Shotwell, Admr., 60 Mo. l. c. 401; Vining v. Insurance Co., 89 Mo. App. 319), and for a stronger reason an inadvertent omission to comply with some formality in impaneling one or all of the jurymen must be held unreviewable unless excepted to at the proper time.

Specifically, that the omission to swear any one or all of the jury is but a matter of exception is, in our opinion, well established.

The Supreme Court of Vermont (Scott v. Moore, 41 Vt. l. c. 210), considering the identical question presented here, under a constitutional provision similar to ours, held: "The fact that the juror was not sworn, was an irregularity the party might waive, as necessarily it could not affect the fairness of the trial. The juror may have acted as conscientiously and as impartially in the discharge of his duty as a juror as he would have done under oath. It is not shown that he did not."

In the case of Hardenburgh v. Crary, 15 How. Pr. 307, it appeared that one of the jury had not been sworn in some five cases in which he sat. The parties were ignorant of the failure to swear him. It was held the objection was but technical and "might have been obviated upon mere mention at the time the irregularity occurred."

In view of the settled rule in this State above restated, the decisions from other states from which we

have quoted and many others of like import (Arnold
v. Arnold, 20 Iowa l. c. 275; Jenkins v. City of Hudson,
16 Abb. [N. C.] l. c. 141; Wells v. Smith, 49 W. Va.
l. c. 84; State v. Council, 129 N. C. l. c. 516, 517; Rail-
way v. Butler, 52 Tex. Civ. l. c. 325; Burns v.
Matthews, 46 S. W. 79; Clements v. Crawford, 42 Tex.
l. c. 604; 1 Thompson on Trials, sec. 113 and note), we
conclude that any irregularity in administering the
oath to the jury or a total or partial failure to adminis-
ter the oath at all, in a *civil* case, is purely a matter
of exception. Being such, an exception should have
been saved at the time the omission occurred. Coun-
sel cannot be heard to say he did not know of the omis-
sion. His business in court was to see that the trial
proceeded in an orderly manner and that every right
of his client was preserved and make the record show
his exceptions in case he felt his client aggrieved by an
adverse ruling.

The point was made too late and was waived by
the delay in making it. The question is consequently
not in the case at all, and can furnish no basis for the
retention by this court of jurisdiction. Timely excep-
tion not having been saved, this court could not decide
the question if jurisdiction were retained. It would
be singular if a question which, on the record here, is
clearly not presented for decision on appeal, could yet
confer jurisdiction.

A constitutional question in order to confer juris-
diction in a given case must not only be raised below,
but must be raised at the proper time and kept alive
for decision by this court. [Lohmeyer v. Cordage Co.,
214 Mo. l. c. 690; Hartzler v. Railroad, 218 Mo. l. c. 564,
565; Brown v. Railroad, 175 Mo. l. c. 188; St. Joseph v.
Life Ins. Co., 183 Mo. l. c. 7; State v. Earll, 225 Mo.
537.]

What has been said is not to be construed to mean
that any constitutional question would have been pre-
sented even if objection had been properly made and

exception had been taken seasonably to the failure to swear the juror. That question is left for determination until presented for decision. Since the failure to swear the juror is not before us at all, we refrain from discussing whether such failure could in any event be made the basis of a constitutional question. It may be added that decisions in criminal cases are not applicable in this case.

Another thing may be mentioned which fully exculpates counsel from the implication that he was not sufficiently observant. On the record we think the trial court might well have put his ruling on the ground that as a matter of fact the juror was sworn. The juror and the deputy who called the list thought so, and the very fact that counsel, whom the record shows to have been constantly and keenly alive to his client's interest throughout the whole proceedings, failed to observe any thing out of the ordinary in the swearing of the jury, militates strongly against the possibility of such a noticeable omission as failure to swear one of its members. Those who testified directly that such omission occurred disclosed they were not very familiar with court and trial procedure and might easily have been mistaken. In that event, of course, no constitutional question could by any possibility have been presented.

The cause is ordered transferred to the Kansas City Court of Appeals. *Roy, C.,* concurs.

PER CURIAM.—The foregoing opinion of BLAIR, C., is adopted as the opinion of the court. All the judges concur.