ALVAH J. BECKER, Appellant, *v.* ANDREW BECKER, Respondent.

(County Court, Schoharie County, November, 1915.)

Justice's Court — actions in — evidence — failure to swear jury irregularity only — appeal — Code Civ. Pro., § 3063.

Where, though on the trial in Justice's Court the evidence is conflicting, there is testimony which if believed by the jury justifies their verdict in favor of defendant, it should not be disturbed on appeal under the authority conferred on the County Court under section 3063 of the Code of Civil Procedure.

In an action in Justice's Court where both parties are present with their attorneys, the failure of the justice to swear the jury is an irregularity only which the parties waive by proceeding with the trial without objection being made when the omission might have been supplied, and the point cannot be raised for the first time on appeal from the judgment.

APPEAL from a judgment of a Justice's Court rendered in favor of defendant.

C. B. Mayham, for appellant.

C. H. Proper, for respondent.

BEEKMAN, J. This is an appeal from a judgment rendered by a Justice's Court upon the verdict of a jury in favor of the defendant and against the plaintiff.

Upon the questions of fact there is a conflict of testimony. The jury had the opportunity of observing the witnesses while on the stand and their manner of testifying. There is testimony in the case which, if believed by the jury, justified their verdict.

" It is manifest that the authority conferred by section 3063 of the Code upon County Courts to reverse a judgment of a Justice's Court because it is contrary to or against the weight of evidence is to be exercised only when the judgment is so plainly against the weight and preponderance of proof that it can be seen that the justice could not reasonably have arrived at the decision which he made. The County Court by this provision of the Code has no greater power over judgments rendered by justices of the peace than has the Appellate Division and Court of Appeals over judgments of courts and referees * * * A court on appeal can not set aside the findings of the trial court merely because they are of opinion that, upon the *record* before them, they would feel constrained to find the fact the other way." *Murtagh* v. *Dempsey,* 85 App. Div. 204, 205, 206; *Clinton* v. *Frear,* 107 id. 571, 573. Vandeymark v. Corbett, 131 id. 391, 394.

The question to which the counsel for the parties have largely devoted their attention, is whether the judgment should be reversed for the reason that the justice neglected to swear the jury.

On the day of the trial the parties appeared in person and by their attorneys, and an amended complaint and an amended answer were filed.

The return of the justice over his signature recites that thereafter the jury was " empanelled after being carefully questioned and examined by each party," that the plaintiff's attorney opened the case for the plaintiff and called as his first witness the plaintiff, and *that while the plaintiff was still on the witness stand and before his examination was concluded* the justice discovered that the jury had not been sworn and called the plaintiff's attorney's attention to this omission and asked him what to do. Then follows the recital, " He said nothing to me in reply thereto but proceeded with the trial of the case, and after hearing the testimony and arguments of counsel, the jury retired for deliberation in charge of a constable and agreed upon a verdict of no cause of action upon which I entered judgment, etc." In another part of the return where the minutes of the different steps of the trial are set down, there is the further recital of the jurors being " drawn and accepted " and the statement that a " constable was sworn to take charge of the jury which retired for deliberation."

The plaintiff relies upon the case of *Fulton* v. *Yuill,* 24 Misc. Rep. 285, in which omission of the oath was held to be fatal to the judgment. It does not appear whether on the trial the defeated party in the above case had his attention called at the time to the fact that the jury had not been sworn. However, in that case the court reached the conclusion upon the strict letter of section 2998 of the Code, without, as far as the opinion shows, considering the provisions of section 3063 and apparently gave little or no weight to the doctrine of waiver which has been applied by the courts, both state and federal, in numerous cases where the same

principles are involved. "A person may by his acts or omission to act, waive a right which he might otherwise have under the Constitution of the United States as well as under a statute." *Pierce* v. *Somerset Railway,* 171 U. S. 641–648.

Justice Westbrook, in *Jenkins* v. *City of Hudson,* 8 Civ. Pro. 70; 16 Abb. N. C. 137, says: " The principle is fundamental, that when a court has jurisdiction of the subject-matter and the parties, statute and constitutional rights may be waived, and the failure to object is a waiver." Since the decision in *Fulton* v. Yuill there are two reported decisions in which it is held that the failure of the justice to swear the jury is an irregularity only, which the parties waived by proceeding with the trial without objection being made when the omission might have been supplied. *Cahill* v. *Delaney,* 68 N. Y. Supp. 842; *Collinson* v. *Wier,* 154 id. 951. While in *Fulton* v. *Yuill* great importance is attached to the provisions of the statute, as to the swearing of the jury, the provision of the Revised Statutes (2 R. S. 541), that, "Before proceeding to hear any testimony, the arbitrators shall be sworn faithfully and fairly to hear and examine the matters in controversy to the best of their understanding," was passed upon by the General Term of the Supreme Court and by the Court of Appeals. In *Day* v. *Hammond,* 57 N. Y. 479, it was held that the failure of one arbitrator to take the oath was at most an irregularity and could be waived. See also *Flannery* v. *Sahagian,* 134 N. Y. 89. In 1880 the General Term of the second department in *Kelsey* v. *Darrow,* 22 Hun, 125, followed *Howard* v. *Sexton,* 1 Den. 440, and *Day* v. *Hammond,* 57 N. Y. 479, and said: " The point relied upon by the defendant on the trial, was that the arbitrators were not sworn in pursuance of the requirements of the Revised Statutes, and it is undenied that they were not

sworn. Both parties were present before the arbitrators and made no request to have them sworn, and proceeded to trial before them with full knowledge that no oath had been taken. This conduct of the parties must be construed as a waiver of the oath. The jurisdiction of the arbitrators is derived from the submission, and the absence of an oath is an irregularity merely.''

The same principle is recognized in *Scott* v. *Moore,* 41 Vt. 205, where the court lays down the doctrine: '' The defendants also insist that the verdict of the jury should have been set aside, for the reason that one of the jurors was not sworn before it was given in court. On the trial the defendants had the aid of several counselors, and the motion is supported by the affidavit of only one of them, who testifies that he was ignorant of the fact that the juror was not sworn, until the trial closed. The fact that the juror was not sworn, was an irregularity the party might waive, as necessarily it could not affect the fairness of the trial.''

The court in *Nason* v. *Luddington,* 56 How. Pr. 172, held that although the Revised Statutes provided that '' before proceeding to hear any testimony in the cause the referees shall be severally sworn,'' nevertheless, the failure of the referees to be sworn was a mere irregularity, and might be waived by implication. The court in the case last cited on page 175 uses the following language: '' It is one of the maxims of the law that acquiescence of a party who might take advantage of an error obviates its effect. The law of waiver has kept its place side by side with the rule requiring stipulations to be in writing, and there is no inconsistency in maintaining both.''

In a civil action in Justice's Court where both parties are present with their attorneys, and the interests of the public or any other persons are not involved, it

seems clear that the failure to object to a known omission in the procedure must be considered a waiver. In the case at bar according to the return, " while plaintiff was still on the witness stand and before his examination was concluded," the justice discovered that the jury had not been sworn and called attention to the omission as stated hereinabove in this opinion. It does not appeal to our sense of justice that the plaintiff with knowledge of the failure of the magistrate to swear the jury — such knowledge being brought home to him at the very beginning of the trial — should proceed with his testimony, produce his other witnesses, rest his case, compel the defendant to produce his witnesses and put in his proof, submit the case to the jury after the summing up of counsel and after being disappointed with an adverse verdict take an appeal and then, thereby, for the first time make his objection that the jury was not sworn. If the plaintiff had succeeded in obtaining a verdict in his favor it is not probable he would have refused to avail himself of the benefit of his judgment on the ground that the jury was not sworn. It cannot be that he may keep silence while waiting to see how the verdict may turn out, before raising an objection that he had the opportunity of making at the outset. The doctrine of waiver properly applies to the circumstances of this case.

If the judgment of a Justice's Court could be set aside for purely technical defects and irregularities which do not involve or affect the merits, there would be no end to litigation over the small judgments which are most frequent in that court and the court would fail in its usefulness.

The appellate courts have always recognized that the procedure and practice in Justice's Courts are likely to be informal and have followed the spirit as well as the letter of section 3063 of the Code: " The Appellate

Court must render judgment according to the justice of the case without regard to technical errors or defects which do not affect the merits.'' In the decision of this case the above section must certainly be taken into account as constituting one of the grounds upon which the judgment below should be affirmed.

In *Purdy* v. *Dinkle*, 25 N. Y. St. Repr. 155; 6 N. Y. Supp. 158, where irregularities in drawing and organizing the jury were alleged the court held that they were merely technical and did not affect the merits and affirmed the judgment.

Judgment affirmed, with costs.