*James R. Davis,* contra.

---

7867. TOWNS *v.* ROME RAILWAY & LIGHT COMPANY.

After the rendition of a verdict in a civil case it was too late to object that one or more of the jurors who tried the case had not been sworn, even though this fact was not known by the losing party or his counsel before the verdict was rendered.

DECIDED MARCH 15, 1917.

Action for damages; from city court of Floyd county—Judge Nunnally. September 22, 1916.

*McHenry & Porter,* for plaintiff.

*Dean & Dean, L. H. Covington,* for defendant.

WADE, C. J. There is no contention in this case that the verdict was unsupported by evidence, and the only question for determination is whether the losing party in a civil suit may, after the rendition of a verdict, urge for the first time the objection that one or more of the jurors trying the case had not been sworn. In other words, can the administration to one or more jurors in a civil case of the oath prescribed by our statute be lawfully waived; and, if so, does the failure to direct the attention of the trial court to such omission at the time constitute a sufficient waiver? We find no direct ruling on this question by either the Supreme Court or this court, but in many other jurisdictions it has been held that failure to swear the jury in a civil case is a mere irregularity which is waived if objection is not made at the time, and that, in the absence of timely objection, the omission will not affect the validity of the verdict thereafter returned. Section 860 of the Penal Code of 1910 provides, that "Each panel of the petit jury shall take the following oath: 'You shall well and truly try each cause submitted to you during the present term, and a true verdict give, according to the law as given you in charge, and the opinion you entertain of the evidence produced to you, to the best of your skill

and knowledge, without favor or affection to either party, provided you are not discharged from the consideration of the case submitted. So help you God.'" Section 1005 of the Penal Code provides that "In all criminal cases, the following oath shall be administered to the petit jury, to wit: 'You shall well and truly try the issue formed upon this bill of indictment between the State of Georgia and A. B., who is charged (here state the crime or offense), and a true verdict give according to evidence. So help you God.'"

In *Slaughter* v. *State*, 100 *Ga.* 323 (28 S. E. 159), our Supreme Court held: "Though the fact that the oath prescribed in . . the Penal Code had not been administered to the jury trying a criminal case was known to counsel for the accused while the trial was in progress, it was not too late after verdict to take advantage of the court's omission to have the jury duly sworn. The administration of this oath, literally or in substance, was essential to the legality of the trial, and was therefore not a matter which could be waived by the accused or his counsel, either expressly or by silence." In the opinion in that case Lumpkin, P. J., after quoting from various authorities, said: "In so far as it may be gathered from any of the above authorities that a failure to swear one, or more, or all, of the jurors trying a civil case would be fatal to the verdict rendered, even where the losing party knew of such failure before the trial ended, and yet made no objection or complaint, we do not wish to be understood as now agreeing to such a conclusion. Our present decision is limited to the question before us as it relates to criminal cases. In civil cases, the oath, under our law, is administered to all regularly impaneled jurors at the beginning of each term; and there is no practice of specially swearing the jury in each case, as our criminal procedure requires, except, perhaps, as to the oath prescribed for juries impaneled to try claim cases. Our conclusion in the present case is, that while administering the wrong oath to a jury in a criminal case may be regarded as a mere irregularity of which the accused can not avail himself after deliberately maintaining silence until after verdict, a total failure to swear the jury is a matter which can not, in any manner or under any circumstances, be waived; and as a consequence, a conviction by an unsworn jury is a mere nullity, of which the accused could not, upon a subsequent arraignment, avail himself by a plea of autrefois convict."

In view of the trend of more recent decisions it may perhaps be questioned whether the strict technical rule laid down in the *Slaughter* case, supra, would now be enforced by the Supreme Court if the same question were again presented for adjudication. In fact, it may be reasonably inferred from the ruling in *Frank* v. *State*, 142 *Ga.* 741 (83 S. E. 645, L. R. A. 1915D, 817), that a broader view might now be entertained by that court, and that even in a criminal case the failure of the accused to raise the objection that one or more jurors had not been sworn before the verdict was returned would amount to a sufficient waiver of this irregularity. In the decision in that case it was said: "While a defendant indicted for crime in this State has the legal right to be personally present at every stage of his trial, as before stated, there are certain matters which he may waive, and which many prisoners do waive at their trial. They may waive copy of indictment, formal arraignment, and list of witnesses before the grand jury, all of which are important rights. They may waive a preliminary hearing before a committal court, a jury of twelve to try them, or any legal objection to jurors who have qualified on their voir dire; they may even waive trial entirely, plead guilty of murder and be sentenced to hang. *Sarah* v. *State*, 28 *Ga.* 576 (2), 581; *Wiggins* v. *Tyson*, 112 *Ga.* 745, 750 (38 S. E. 86)." This is held notwithstanding that every person accused of crime is entitled, under the constitution of this State, to be furnished "with a copy of the accusation, and a list of the witnesses on whose testimony the charge against him is founded," etc. Civil Code, § 6361. So far as we have been able to discover, the ruling in the *Slaughter* case, supra, has never been followed or approved by either the Supreme Court or this court, but stands alone and unsupported by any other ruling from our courts. We need not speculate, however, upon whether or not the Supreme Court might on review modify or rescind the ruling made in the *Slaughter* case, because that ruling is confined by its express terms to criminal trials, and therefore is no more than persuasive authority in determining the question at issue in the case under consideration.

In Hordenburgh *v.* Carry, 15 How. Pr. (N. Y.) 307, it was held that a failure to swear one of the jurors who did not arrive at the court-house until the rest of the panel had been sworn was immaterial if no objection was made. In Cahill *v.* Delaney, 68 N. Y.

Supp. 842, where, in a trial in a justice's court, a jury was sum-
moned and accepted to try the issues involved, both parties being
present and represented by counsel, and, after a trial, retired and
returned a verdict, but the jury was not sworn, it was held: "The
failure of the justice to swear the jury was an irregularity only,
which the parties waived by proceeding with the trial without. ob-
jection being made when the omission might have been supplied
and error avoided." So, too, in Jenkins *v.* City of Hudson, 16
Abb. N. Cas: (N. Y.) 137, it was held: "A verdict in a civil
action is not void or irregular merely because the trial proceeded
to verdict without the jury being sworn, if neither party requested
that they be sworn." In Clements *v.* Crawford, 42 Tex. 604, it
was held that after verdict and judgment it is too late to object
to the formality of an oath administered to a jury. In Burns *v.*
Matthews (46 S. W. 79) the Court of Civil Appeals of Texas said,
as to the failure to swear a certain juror: "The attorneys did not
swear that they did not know of it, and, if they had, it would not
have changed the status of affairs, because it was too late after
trial to spring such a matter. It was the duty of counsel to be on
the alert and see that the jury was properly sworn." See also
Texas Ry. Co. *v.* Butler, 52 Tex. Civ. App. 323 (114 S. W. 671).
In Ross *v.* Grand Pants Co., 241 Mo. 296 (145 S. W. 410), where
it appeared that one of the jurors who tried the case had not been
sworn, it was said: "We conclude that any irregularity in admin-
istering the oath to the jury, or a total or partial failure to admin-
ister the oath at all, in a *civil* case, is purely a matter of exception.
Being such, an exception should be made at the time the omission
occurred. Counsel can not be heard to say he did not know of the
omission. His business in court was to see that the trial proceeded
in an orderly manner, and that every right of his client was
preserved, and make the record show his exceptions in case he felt
his client aggrieved by an adverse ruling. The point was made too
late, and was waived by the delay in making it." In a case decided
by our Supreme Court (*Candler* v. *Hammond,* 23 *Ga.* 493, 499),
where a defendant submitted to .trial by a special jury under their
oath, without objection, and knowing that they had not been sworn
as required by the escheat act of 1817, it was held: "It was too
late for the defendant to object to the form of oath administered
to the jury, after he had proceeded to trial without objection on

that account. He was willing to risk the chances of a verdict in his favor, under the oath as administered, and it is now too late, after verdict against him, to object." That case differs in its facts from the case now under review, but is in accord in principle with what is herein ruled.

It is true that our code (Penal Code, § 860) declares that "Each panel of the petit jury shall take the following oath," etc., but it is equally true that in the statute law of this State there is no express provision that the verdict of an unsworn jury shall be void or even voidable; and since parties to cases (either criminal or civil) may waive constitutional rights guaranteed them, we see no valid reason why the administration of the oath prescribed by our law to three jurors, or to the entire jury, may not be waived; and if so, why it may not be waived impliedly, but effectually, by failure to interpose objections at the trial and before its termination. We hold, therefore, that the fact that three jurors were not sworn in this case was only an irregularity, which could be waived and was waived by the omission to urge objection upon this ground before the return of the verdict. These jurors doubtless acted as conscientiuosly and as impartially as they would have done under oath, and at any rate the contrary is not shown. Since the failure to administer the oath to every member of the jury trying a civil case is purely a matter of exception, it is the business of counsel to ascertain if all the jurors are in fact sworn as well as generally to know that all proper forms are complied with and every substantial right of the client is preserved. It follows that an affidavit by counsel for the losing party, that until after verdict they were ignorant of the fact that three of the jurors trying the case had not been sworn, will not suffice to remove the implied waiver. This fact could have been ascertained by counsel by a simple inquiry before offering evidence or even selecting the jury from the list of jurors submitted; and as we hold that the failure to swear jurors in a civil case is a matter which may be waived, we see no reason for applying a different or a stricter rule than in the case of challenge to a juror, which a party waives by neglecting to bring the disqualification of the juror to the attention of the court until after a verdict has been returned against him, notwithstanding he is then ignorant of such disqualification.

*Judgment affirmed. George and Luke, JJ., concur.*