168 So.2d 13

**JEFFERSON COUNTY**

v.

**BERKSHIRE DEVELOPMENT CORPORATION.**

**6 Div. 888.**

Supreme Court of Alabama.

Oct. 8, 1964.

Maurice F. Bishop, Bishop & Carlton, Birmingham, for appellant.

172

Speir & Smith, Birmingham, for appellee.

COLEMAN, Justice.

The condemnor in an eminent domain proceeding, which commenced in the probate court, appeals from an order entered by the circuit court in a proceeding commenced in the circuit court by petition for certiorari filed by the landowner.

Allegations of the petition for certiorari are that on June 15, 1961, the condemnor filed its petition in the probate court seeking to condemn certain land belonging to the landowner; that on September 5, 1961, the probate court entered an order granting the petition to condemn and appointing commissioners to ascertain the damages and compensation to which the landowner was entitled; and that the record does not disclose that the commissioners were ever sworn as required by § 13, Title 19, Code 1940. § 13, Title 19, recites:

"The commissioners thus appointed, or a majority of them, shall assess separately the damages and compensation to which the several owners and other parties interested in each of the several tracts of land are entitled, and they shall be sworn as jurors are sworn. The commissioners may view the lands to be subjected, and must receive all legal evidence offered by any party touching the amount of damages the owners of the lands and other parties interested therein will sustain and the amount of compensation they are entitled to receive."

The petition for certiorari further recites that, pursuant to the report of the commissioners, the probate court, on October 10, 1961, entered judgment condemning the land; that the landowner was mistakenly advised as to the date of the judgment of October 10th, and that, relying on such misinformation, the landowner failed to appeal to the circuit court within the thirty days allowed by law. See § 17, Title 19, Code 1940. The landowner's petition for certiorari was filed in the circuit court January 17, 1962.

In the petition for certiorari, the landowner asserts that the judgment of condemnation entered by the probate court, dated October 10, 1961, is void on the grounds, among others, that:

"(A) . . . . the record fails to affirmatively show that all of the . . . . requirements of" § 13, Title 19, Code 1940, have been complied with.

"(D) . . . . the order of condemnation was based upon a report of said commissioners which was void in that said commissioners were not sworn" . . . . etc.

The landowner prayed that the circuit court quash the judgment of condemnation as void, and, in the alternative, for a trial de novo.

The proceedings in the probate court are silent with respect to any oath taken by the commissioners, except that the commission to the commissioners recites:

"Now these are therefore to commission the said Buel Johnson, Tom Garner, Jr. and E. N. (Ed) Ellis so they may enter upon the discharge of their duties as such Commissioners so soon as they shall have taken the oath prescribed by the statute in such cases made and provided."

■ The circuit court ordered that the judgment of condemnation should not be quashed as void, but that the case should proceed in the circuit court for trial de novo. From this order of the circuit court the condemnor appeals, and, in the alternative, prays for review by mandamus if appeal will not lie.

The order of the circuit court, here complained of is not a final judgment and will not support an appeal. The appeal is dismissed, but we will review the order on consideration of the application for mandamus.

Both condemnor and landowner have assigned errors. Condemnor asserts that the circuit court erred in overruling condemnor's motion to quash the writ of certiorari, in overruling condemnor's demurrer to the petition, and in ordering trial de novo. Landowner says the circuit court erred in failing to quash the judgment of condemnation made by the probate court as void.

We will treat the petition for certiorari, as the landowner treats it, as praying for the common law writ and also, in the alternative, for the statutory writ. In treating the petition as for the common law writ, we note the following rules.

■■ The function of the common law writ of certiorari extends only to questions touching the jurisdiction of the subordinate tribunal and the regularity of its proceedings. The appropriate office of the writ is to correct errors of law apparent on the face of the record. The trial is not de novo, but on the record, and the only matter to be determined is the quashing, or affirmation, of the proceedings brought up for review. Town of Camden v. Bloch, 65 Ala. 236; McAllilley v. Horton, 75 Ala. 491.

■ Common law certiorari will not be awarded when an adequate remedy is available by appeal; Fowler v. Fowler, 219 Ala. 457, 122 So. 444; but if a judgment is void and will not support an appeal, it may be abrogated by certiorari; Ex parte Biddle, 258 Ala. 190, 61 So.2d 803.

■ § 17, Title 19, Code 1940, provides for appeal from a judgment of probate court, in condemnation cases, and for trial

**174**

de novo in the circuit court. On the appeal, the circuit court tries de novo, not only the question of damages and compensation, but also the right to condemn. Calhoun County v. Logan, 262 Ala. 586, 80 So.2d 529.

█ The statutory appeal to the circuit court affords a review which is adequate in every respect, except as to the jurisdiction of the probate court, and, therefore the only question to be considered, on common law certiorari, is whether or not the judgment of the probate court is void. Ex parte Biddle, supra, and authorities there cited.

█ Landowner argues that the probate court judgment is void and condemnor argues to the contrary. The circuit court decided that the judgment is not void. We agree that the judgment is not void on the ground relied on by landowner; i. e., because the record in the probate court fails to show that the commissioners were sworn.

Landowner says that the probate court, in condemnation proceedings, is a court of limited, statutory jurisdiction, and, therefore, the record must affirmatively show compliance with the statute in order to sustain the jurisdiction of the probate court in such proceedings. This court has often held that where there is a petition or pleading commencing a proceeding in a court of limited jurisdiction seeking a statutory right, such petition or pleading must aver every jurisdictional fact which must exist in order for the court to proceed and, failing to do so, the entire proceeding is coram non judice and void. Town of Sanford v. Hartley, 258 Ala. 576, 63 So.2d 705

Landowner says further that the failure to show that the commissioners were sworn is a failure to comply with the statute and, therefore, a failure to sustain the jurisdiction of the probate court. We do not agree with that conclusion.

Landowner does not assert that condemnor's petition to condemn was defective or that the probate court lacked jurisdiction of subject matter or parties. When the court had jurisdiction of subject matter and parties, the jurisdiction of the probate court did attach and its proceedings are not void unless the failure to swear the commissioners destroyed the jurisdiction which had already attached and in the exercise of which the probate court conducted the proceedings which culminated in rendition of the judgment of condemnation. The question, then, is whether the failure to swear the commissioners destroyed the jurisdiction.

The function of the commissioners is analogous to the function of the jury in a civil case. In Melton v. State, 45 Ala. 56, this court, on appeal, held that a verdict in a criminal case ought not to have been rendered if two of the jurors were not sworn, because, in fact it was not the verdict of a jury. To like effect is the holding in Fowler v. State, 261 Ala. 262, 74 So.2d 512. It is to be noted, however, that in both cases, the question was raised on appeal, the judgment was reversed, and there is no statement that the judgment was void. In Fowler v. State, supra, this court observed that the attack was direct, not collateral. We have not found any civil case decided by this court where failure to swear the jury was considered. Other courts have considered this situation.

In Texas & Pacific Ry. Co. v. Butler, 52 Tex.Civ.App. 323, 114 S.W. 671, in an action for damages by fire from defendant's engine, the judgment of the county court recited that the jury was unsworn. The appellate court said that while the right of trial by jury is guaranteed by the constitution, it may be waived, and while the law devolves on the court the duty of administering an oath to a jury, in event of failure to perform the statutory duty, it is the duty of counsel to observe the court's proceedings, and at once to save the point or it will be deemed waived. The court observed further, that if this be not required, nevertheless, the court had jurisdiction of the parties and of the case.

In Towns v. Rome Ry. & Light Company, 19 Ga.App. 457, 91 S.E. 790, in a civil case, citing many authorities, the court held that a

failure to swear jurors in a civil case may be waived, and the fact that three jurors were not sworn was only an irregularity, which may be waived as in the case of challenges to a juror, which a party waives by neglecting to bring the disqualification of a juror to the attention of the court until after a verdict has been returned against him. In Donalsonville Live Stock Co. v. Corporation Service Company, 24 Ga.App. 302, 100 S.E. 731, the court cited the Towns case with approval. The Alabama court has said that, in failing in a reasonable diligence in testing jurors on voir dire as to their qualifications or grounds of challenge, there is waiver of ground of challenge; Batson v. State ex rel. Davis, 216 Ala. 275[17], 113 So. 300.

In Fulton v. Yuill, 24 Misc. 285, 53 N.Y. S. 707, the court held that failure to administer an oath to jurors in a justice court was fatal to their verdict and the judgment thereon. This, however, was an appeal and the judgment, being reversed, does not appear to have been held void. Moreover, in Cahill v. Delaney, 68 N.Y.S. 842, the court held that the failure to swear the jury, in a justice court, was an irregularity, and affirmed the judgment. In Collinson v. Wier, 91 Misc. 501, 154 N.Y.S. 951, the court held that failure to swear the jury was, at most, an irregularity, that failure of the parties to except was waiver of their right to do so thereafter, and that the judgment should be affirmed. To like effect is Becker v. Becker, 92 Misc. 382, 156 N.Y.S. 995.

In Ross v. Grand Pants Co., 241 Mo. 296, 145 S.W. 410, the court held that failure to swear a juror was an irregularity which might be and was waived by delay in raising the point. To like effect see: Scott v. Moore, 41 Vt. 205, 48 Am.Dec. 581; and Goose v. Grand Trunk R. Co., 17 Ont. 721.

We cite these cases, not to show that failure to swear commissioners is not error, but to show that such error does not render the judgment of condemnation void.

The industry of counsel for landowner cites a number of our own cases where fail-ure to swear viewers or commissioners in condemnation cases has been considered. These cases also, we think, support the view that failure to swear is not an error of the kind that goes to the jurisdiction.

In Molett v. Keenan, 22 Ala. 484, in reviewing the judgment of circuit court where that court, on certiorari, had reviewed proceedings to establish a public road, the supreme court affirmed the judgment of the circuit court, which had "reversed" the judgment of the commissioners' court, and held that the petition which commenced the proceeding in the commissioners' court, in failing to properly aver the giving of notice, failed to confer jurisdiction on the commissioners' court. The supreme court said: "This jurisdiction, we think, the record does not sufficiently show." As to another "error" which was assigned in the circuit court; to wit, failure to administer the statutory oath to the jury of viewers; the supreme court said: "This, of itself, was an irregularity fatal to the proceedings, so far as the defendant in error was concerned." The court did not say that the failure to swear was insufficient to show jurisdiction or destroyed the jurisdiction. The different treatment of these errors shows, as it seems to us, that the court held that the defect in the petition made the proceedings void, but that the defect in the swearing, although it was an error of law, did not destroy the jurisdiction.

In Keenan v. Commissioners' Court of Dallas County, 26 Ala. 568, apparently a second appeal in the case last cited, this court held that the circuit court, on certiorari to the commissioners' court, erred in failing to quash the proceedings in the commissioners' court. This court held that the jury of viewers were not shown by the record to have been properly sworn, and said: "The irregularity . . . . must be regarded as fatal, when presented . . . . on *certiorari.*" The court also said, however: "Summary proceedings . . . . to take away a man's land . . . . for . . . . a . . . . road, cannot be sustained when assailed *on certiorari*, un-

less the record of the proceedings shows that the court had jurisdiction, and that the jurisdiction has been exercised *in the mode prescribed by the Code"*; and, further, "Although we might well hold that this proceeding could not be *collaterally* impeached for such irregularity . . . . we cannot sustain it when assailed on *certiorari . . . . when the form of proceeding is prescribed by the statute."* We do not understand the opinion to hold that the proceedings in the commissioners' court were void. The statements quoted above indicate to us that the holding is that failure to swear as required by statute was an irregularity apparent on the record which the reviewing court was compelled to recognize when reviewing on certiorari for errors of law or irregularities apparent on the record. As we have undertaken to show in the case at bar, the circuit court, on certiorari, was limited to a review of questions touching the jurisdiction of the probate court and could not review irregularities in the probate court proceedings unless the irregularities touched the jurisdiction.

In Owen v. Jordan, 27 Ala. 608, this court, on appeal, affirmed the judgment of the probate court quashing the verdict of its own jury, for error, among others, in failing to show that the jury were properly sworn. Jurisdiction of the probate court does not seem to have been considered. The review was on appeal where errors other than those touching jurisdiction could be noticed.

In McAllilley v. Horton, 75 Ala. 491, this court held the condemnation proceedings sufficient.

Miller v. Palo Alto Board of Supervisors, 248 Iowa 1102, 84 N.W.2d 38, does support landowner's contention. The Iowa court held that failure to swear commissioners made the assessment "invalid." The statute there, however, different from ours, required the commissioners to file "a written oath." We think Miller contrary to our own decisions and the weight of authority and, therefore, decline to follow it.

We hold that the judgment of condemnation rendered by the probate court is not void for failure of the record to show that the commissioners were sworn as required by statute. The judgment of the circuit court to this effect is correct.

We come now to consider whether the circuit court erred in ordering trial de novo in that court. Landowner argues that the circuit court correctly ordered trial de novo as part of the relief available by statutory certiorari, under the following statutes, to wit:

§ 297, Title 13, which provides:

"The judge of probate has authority:

". . . . . . . . . .

"3. To grant writs of certiorari on any civil judgment rendered by a justice, returnable to the next session of the circuit court . . . . " ;

and § 184, Title 13, which provides:

"Judges of circuit courts . . . . may grant writs of certiorari directed to recorders, justices of the peace, and judges of inferior courts in all cases where appeals lie from such recorder's courts, inferior courts, and justice courts to the circuit court . . . . in like manner and with like effect as probate judges are now authorized to grant such writs to justices of the peace."

Landowner says that the probate court is an inferior court, that appeals lie from the probate court to the circuit court in condemnation cases, and, therefore, the circuit court may grant statutory certiorari to bring up the judgment rendered by the probate court and order a trial de novo in the instant case.

One answer to this argument is that the probate court is not one of the inferior courts referred to in § 184, Title 13. In Birmingham Realthy Co. v. City of Birmingham, 205 Ala. 278, 87 So. 840, this court decided that the inferior courts referred to in § 184 are courts established pur-

suant to Section 168 of the Constitution; that is, courts established in lieu of justices of the peace. The probate court was not so established, and, therefore, is not a court to which the circuit court may direct statutory writs of certiorari and grant trial de novo under § 184. The circuit court erred in granting trial de novo in the instant case.

The judgment on common law certiorari is either that the proceedings below be quashed or that they be affirmed. Fore v. Fore, 44 Ala. 478. A writ improvidently granted may be quashed or the lower judgment affirmed. Ex parte Watkins, 268 Ala. 567, 109 So.2d 671. The circuit court should affirm the judgment of the probate court in the instant case.

The writ of mandamus is due to be awarded. Unless, upon advice of this decision, the order of the circuit court is amended in accord with this opinion, the writ will issue on request of condemnor.

Appeal dismissed.

Writ awarded conditionally.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.